**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THOMAS ABELL | : |
| 2063 W. Rousseau Drive | : |
| Coeur D'Alene, ID  83815 | |
| | : |  Civil Action No.  15-1049 |
| KATHARINE ADAMS-LOVE | : |
| 5327 Siesta Cove Drive | |
| Sarasota, FL  34242 | : |
| | : |  **SECOND AMENDED COMPLAINT** |
| JOHN P. AELLEN, III | : |
| 180 Wroxeter Road | |
| Arnold, MD  21012 | : |
| | : |

THOMAS ABELL
2063 W. Rousseau Drive
Coeur D'Alene, ID  83815                           :

                                                   :     Civil Action No.  15-1049

KATHARINE ADAMS-LOVE
5327 Siesta Cove Drive                             :
Sarasota, FL  34242

                                                   :     **SECOND AMENDED COMPLAINT**

JOHN P. AELLEN, III
180 Wroxeter Road                                  :
Arnold, MD  21012
                                                   :

CLYDE WILLARD ALLEN
1317B German Driveway                              :
P.O. Box 709
Hanover, MD 21076                                  :

JOSEPH ALLEY                                       :
2386 Poors Ford Road
Rutherfordton, NC  28139                           :

THOMAS PAUL ALLISON                                :
682 Maricopa Dr.
Canyon Lake, TX  78133                             :

RICHARD G. ALTIERI                                 :
82 Doreen Drive
Fairfield, CT  06824                               :

ANDREW ALAN ANDERSON                               :
5880 Barrett Road
Colorado Springs, CO  80926                        :

CARL ANGELL                                        :
3909 Canby Ct.
Bellingham, WA  98229                              :

EUGENIA ANNINO STEGER, as personal                 :
representative of the Estate of Robert S.
Annino                                             :
23 Mum Grace
Beaufort, SC  29906                                :
DANIEL ANULARE
907 Ball Drive

SECOND AMENDED COMPLAINT            - 1 -

Nokomis, FL  34275                          :

LINDA A. ANULARE                            :
907 Ball Drive
Nokomis, FL  34275                          :

BRUCE WILLIAM ASHLEY                         :
65 Cornell Drive
Woodland Park, CO  80863                     :

RICHARD AURAND                              :
559 Howland Wilson NE
Warren, OH  44484                           :

MAXINE BACHICHA                             :
980 Robbie View #2014
Colorado Springs, CO  80921                 :

HAROLD BAKER                                :
116 Amherst Lane
Sebastian, FL  32958                        :

ROBERT G. BARZELAY                          :
3508 Hollow Oak Place
Brandon, FL  33511                          :

GARY L. BAUMGARDNER                         :
1632 Bexhill Drive
Knoxville, TN  37922                        :

JAMES A. BEARD                              :
1635 Manning Way
Colorado Springs, CO  80919                 :

DEBORAH BECKER                              :
8003 E. Heaven Hill Lane
Mooresville, IN  46158                      :

RICHARD C. BENNETT                          :
2020 80th Ave E
Parrish, FL  34219                          :

COLIN BENT                                  :
1209 E. Yakima Street
Broken Arrow, OK  74012                     :

VERNON BENTLEY

SECOND AMENDED COMPLAINT            - 2 -

2409 W. Driftwood Drive                    :
Claremore, OK  74017
                                           :

HAROLD D. BERNSTEIN                        :
3875 Legacy Drive
Mason, OH  45040
                                           :

HAROLD D. BERNSTEIN, as personal
representative of the Estate of Sandi      :
Bernstein
3875 Legacy Drive                          :
Mason, OH  45040
                                           :

MONTELL BERRY
1115 Village Court                         :
Palm Springs, CA  92262
                                           :

WALLACE BERRY
3055 W. 30th Court                         :
PO Box 15637
Panama City, FL  32406-5637                :

LINDA BEUCHER                              :
PO Box 129
Howey in the Hills, FL  34737              :

STANLEY R. BINDER                          :
920 Birchwood Court
Newport News, VA  23608                    :

ANDREW BLANCHETTE                          :
217 Karen Drive
Orange, CT  06477                          :

CRAIG A. BOCK                              :
54178 Sherwood Lane
Shelby Township, MI  48315                 :

GARY L. BOCK                               :
1005 Wood Haven Ln. SW
Vero Beach, FL  32962                      :

DAVID P. BOHAN                             :
11399 Spyglass Hill Circle
Anchorage, AK  95515                       :

ROLAND BOISIS

SECOND AMENDED COMPLAINT            - 3 -

250 S.E. 7th Street
Dania Beach, FL  33004
         :

         :

JANICE BOND
9115 Clearhill Rd
Boynton Beach, FL  33473
         :

         :

DWIGHT CHARLES BONDY
161 N. 222nd Drive
Buckeye, AZ  85326
         :

         :

ROBERT F. BORTELL, JR.
6676 Easton Drive
Sarasota, FL  34238
         :

         :

DANIEL BOSSIO
2367 West Gate Dr.
Pittsburgh, PA  15237
         :

         :

JAMES L. BRACHFELD
11669 SW Apple Blossom Trail
Port St. Lucie, FL  34987
         :

         :

ROBERTA L. BRACHFELD
11669 SW Apple Blossom Trail
Port St. Lucie, FL  34987
         :

         :

EUGENE BRANDON
4010 River Falls
San Antonio, TX  78259
         :

         :

MICHAEL J. BRANTMEIER
1114 Whiting Court
Neenah, WI  54956
         :

         :

JAY BROKER
17 Presidio Road
Montgomery, TX  77356
         :

         :

NEAL SWANK BROOKS
83 Wood Lily Place
Spring, TX 77382
         :

         :

FAYE D. BROWN
4614 Alabama Hwy 227
Crossville , AL  35962

RICHARD A. BROWN                          :
1471 Carnaby Court
Dunwoody, GA  30338                       :

LESTER BROWN, SR.                         :
8219 47th Street Circle E
Palmetto, FL 34221                        :

WILLIAM L. BROWN, JR.                     :
19 Stefano Way Drive
Missouri City, TX 77459                   :

RICHARD A. BROWNSON                       :
1511 Walnut Street
Grand Forks, ND 58201                     :

CHARLES R. BURNS III                      :
950 McDonald Lakes Road
Springville, AL  35146                    :

THOMAS C. BUSHEY                          :
100 Mark Lane
Unit L-2                                  :
Waterbury, CT 06704-2459
                                          :
DAVE BUSSELL
8409 Granite Street                       :
Wheelersburg, OH  45694
                                          :
GARY CALLAWAY
801 De La Bosque                          :
Longwood, FL  32779
                                          :
GEORGIANA CALLAWAY
801 De La Bosque                          :
Longwood, FL  32779
                                          :
ALBERT J. CANNIZZARO
225 West Talcott Road                     :
Park Ridge, IL  60068-5531
                                          :
LAWRENCE J. CAPOUCH
1173 143rd Ave NE                         :
Hatton, ND  58240
                                          :
RICHARD CARTER
29324 N.E. 16th Place

Carnation, WA  98014                              :

VICTOR M. CATARISANO                              :
7711 Black Willow
Liverpool, NY  13090                              :

                                                  :

PORTIA M. CHAMBLISS                               :
8 Ewell Court
Hampton, VA  23669                                :
                                                  :

MARK CHASE                                        :
20 Louisiana Drive
Palm Coast, FL  32137                             :
                                                  :

AMY CHERRNAY                                      :
2806 Lake Brook Court
Highland Village, TX  75077                       :
                                                  :

JIMMY C. CHIN                                     :
16 Kendrick Lane
Dix Hills, NY  11746                              :
                                                  :

DON C. CHRISTENSEN                                :
5600 Mt. Solo Road, #133
Longview, WA  98632                               :
                                                  :

JAMES CIRILLO                                     :
4481 Eleuthera Court
Sarasota, FL  34233                               :
                                                  :

BRUCE W. CLOTFELTER                               :
P.O. Box 5038
Athens, GA  30604                                 :
                                                  :

IRA CLOUD                                         :
3527-4 Trail Ridge Road
Middleburg, FL  32068                             :
                                                  :

MILTON COBB                                       :
P.O. Box 1082
Moxee, WA  98936                                  :
                                                  :

MARK C. COLLIER                                   :
2111 Desert Woods Dr.
Henderson, NV 89012

WANDA COLLINS-SMITH                          :
26282 Buckthorn Road
Oakwood, OH  44146                           :

JOSEPH P. CONBOY                             :
P.O. Box 449
Shoreham, NY  11786                          :

RICHARD F. COOK                              :
2537 Kinnard Avenue
Henderson, NV  89074                         :

JANET COOLEY                                 :
14000 McKinley Road
Chelsea, MI  48118                           :

JAMES CORNETT                                :
13505 Will Rogers Lane
Austin, TX  78727                            :

CHARLES E. CORRY                             :
7706 Hayfield Road
Alexandria, VA  22315-4052                   :

BRUCE R. CRALLEY                             :
3825 N Ramsey Rd, Apt. 1901
Coeur d Alene, ID  83815                     :

JACK J. CRAPARO, JR.                         :
17016 Paula Lane
Lutz, FL  33558                              :

JAY CRYSTAL                                  :
18227 Brighton Green
Dallas, TX  75252                            :

JAY CRYSTAL, as personal representative      :
of the Estate of Diane Crystal
18227 Brighton Green                         :
Dallas, TX  75252
                                             :

LONNIE MICHAEL CURTIS
3537 Fieldcrest Drive                        :
Bowling Green, KY  42104
                                             :

BRENT L. DANNER
2810 Ramona Road

Reno, NV  89521                                          :

JOHN DARWISH                                             :
3044 Coral Park Drive
Cincinnati, OH  45211                                    :

HAROLD E. DASKAM                                         :
14319 106th Ave Ct E
Puyallup, WA  98374                                      :

JOHN DAVENPORT                                           :
1930 E Edison
South Bend, IN  46617                                    :

LESLIE K. DAVIDSON                                       :
114 Royal Palm Blvd
Panama City Beach, FL  32408                             :

ZACHARIAH M. DAVIDSON III                                :
P.O. Box 369
Hiram, GA  30141                                         :

MICHAEL L. DAVIS                                         :
109 Jacaranda Ct
Royal Palm Beach, FL  33411                              :

MARGARET DEAN, personal                                  :
representative of the Estate of Robert T.
Dean                                                     :
6044 Andros Way
Naples, FL  34119-7515                                   :

STEPHEN W. DELLAPINA                                     :
287 Flamingo Point South
Jupiter, FL  33458                                       :

ERNEST JACK DEMONTE                                      :
237 Melrose Drive
New Stanton, PA  15672                                   :

JAMES DEPIZZO                                            :
270 N. Bayshore Drive
Columbiana, OH  44408                                    :

JOHN ANTHONY DEVITO                                      :
1719 Pineland Court
Orange City, FL  32763

SECOND AMENDED COMPLAINT           - 8 -

:

GAIL DICKMAN
778 Elizabeth Drive                          :
Florence, KY  41042

                                             :

MARK L. DIVINCENZO
3154 Deerfield Court                         :
Murrysville, PA  15668

                                             :

MICHAEL DOHENY
845 Victoria Lane                            :
Elk Grove Village, IL  60007

                                             :

JEFFREY M. DOMBECK
10559 Whitewind Cir.                         :
Boynton Beach, FL 33473

                                             :

TERRANCE DONOGHUE
1619 Battery Circle                          :
Hebron, KY  41048

                                             :

VALERY DORSHIMER
13645 Deering Bay Dr. Ph 163                 :
Coral Gables, FL 33158

                                             :

JOYCE DOUGLAS
10521 S Hale Ave Apt 1C                       :
Chicago, IL  60643

                                             :

RUFUS C. DOWELL
2309 River Road                              :
Jacksonville, FL 32207

                                             :

SUSAN DRAPEAU
P.O. Box 716                                 :
Peru, NY  12972

                                             :

RICHARD DROE
3154 Coleridge Road                          :
Cleveland Heights, OH 44118

                                             :

GEORGE F. DRUMMOND
156 Indian Circle                            :
Williamsburg, VA  23185

                                             :

WALTER J. DUBIEL
353 Main Street

Farmington, CT  06032                          :

THOMAS R. DURAN                                :
15255 W. Auburn Avenue
Lakewood, CO  80228                            :

DENNIS R. DYKE                                 :
38458 Renwood Avenue
Avon, OH  44011                                :

LARRY R. DYKSTRA                               :
8500 Golden Valley Drive
Maple Falls, WA  98266                         :

RICHARD MORRISON EARL, JR.                     :
405 S. Cedar Bluff Road
Knoxville, TN  37922                           :

RONALD F. EATON                                :
4435 Black Diamond Drive
Sparks, NV  89436                              :

MICHAEL ECONOMOS                               :
2046 Otter Way
Palm Harbor, FL  34685                         :

RONALD R. EDWARDS                              :
6810 Japura Court NE
Rio Rancho, NM  87144-6239                     :

RICHARD EIRICH                                 :
1919 4th St.
Kirkland, WA  98033                            :

ROSLYN EISENSTARK                              :
9660 Isles Cay Drive
Delray Beach, FL  33437-5560                   :

BRUCE ENGERT                                   :
58 Roads End Rd.
Boothbay Harbor, ME  04538                     :

JANE ESCHRICH-WALSH                            :
16105 Dunblaine
Beverly Hills, MI  48025                       :

WILLIAM F. ESTES

SECOND AMENDED COMPLAINT          - 10 -

8035 53rd Ave. West, Unit B        :
Mukilteo, WA  98275
                                   :

STEVEN EVANS
319 Mackenzie Dr.                  :
West Chester, PA  19380
                                   :

SANDY K. FABRICATORE
PO Box 593                         :
Eastport, NY  11941
                                   :

JOSEPH FALCONI III
31 Arkansas Avenue                 :
Ocean City, NJ  8226
                                   :

CHRISTIAN FARLEY
2 Raphael Court                    :
Clifton Park, NY  12065
                                   :

SHEILA FARMER
893 Sherwood Dr.                   :
Macedonia, OH  44056
                                   :

CURTIS FARRAR
920 Doral Drive                    :
Fort Worth, TX  76112
                                   :

RALPH V. FAULK
251 Story Road                     :
Export, PA 15632
                                   :

PHILIP D. FEISAL
2705 N Meridian Place              :
Oklahoma City, OK  73127
                                   :

CARL FIELDER
4650 Van Kleeck Drive              :
New Smyrna Beach, FL  32169
                                   :

DORIS FIELDS
7226 S Lafayette Ave              :
Chicago, IL  60621
                                   :

LARRY D. FINLEY
12509 Gaston Court                 :
Oklahoma City, OK 73107

SECOND AMENDED COMPLAINT        - 11 -

WILLIAM FLOOD                          :
P.O. Box 5403
Sun City Center, FL  33571             :

GERALD L. FLORES                       :
2381 Matthew John Drive
Dubuque, IA  52002                     :

ERIC A. FORD                           :
917 Field Street
Hammond, IN  46320                     :

JOHN R. FORREST                        :
6330 Star Grass Lane
Naples, FL  34116-6737                 :

ALLEN F. FOSTER                        :
750 Silver Cloud Circle #104
Lake Mary, FL  32746                   :

ROBERT FRANZ                           :
520 Valley Stream Drive
Gevena, FL  32732                      :

BOSS ROBERT FRIES, III                 :
807 S. Gray
Stillwater, OK  74074                  :

JODENE GARDNER                         :
15126 Douglas Circle
Omaha, NE  68154                       :

ROBERT E. GARY                         :
2811 E. 84th St.
Tulsa, OK  74137                       :

LARRY O. GENTRY                        :
625 Lakehaven Cr
Decatur, TN  37322                     :

SAMUEL E. GILLETTE                     :
8435 SW 48 St.
Miami, FL 33155                        :

GARY GOELZ                             :
621 Country Vue Ct.
Cranberry Twp., PA 16066

SECOND AMENDED COMPLAINT          - 12 -

RANDOLPH GOODWIN, JR.                    :
78 Highcrest Road                        :
Wethersfield, CT  06109

                                         :

JAMES A. GRADY                           :
2233 Spring Creek Cir NE
Palm Bay, FL  32905

                                         :

WILLIAM D. GREENE                        :
2390 Mid Pine Ct
Oviedo, FL  32765

                                         :

SANDRA GUTHRIE                           :
5 Hunt Drive
Belleville, IL  62226

                                         :

GERALD GUTZEIT                           :
6423 Parkwood Place
Florence, KY  41042

                                         :

FRANKLIN P. HALL                         :
4337 Sawmill Trace Drive
Charlotte, NC  28213

                                         :

BRENDA C. HAMMOND                        :
4670 Diann Drive
College Park, GA  30349

                                         :

LORETTA CAUSEY HANNON                    :
8930 Equus Circle
Boynton Beach, FL  33472

                                         :

FRANCIS HANRATTY                         :
8917 Litchfield Avenue
Las Vegas, NV  89134

                                         :

JAN HANSON                               :
2707 Huron Street
Bellingham, WA  98226

                                         :

CHRIS HARDESTY                           :
P.O. Box 652
Astatula, FL  34705

                                         :

RONALD C. HARRISON, JR
3537 Pinehurst Drive

Plano, TX  75075                         :

JOHN W. HEASLEY                          :
4069 Highlander Avenue
Lake Havasu City, AZ  86406              :

CONI HEIDLE                              :
130 Campbell Lane
Clinton, TN  37716                       :

DARLENE HEINEN                           :
N2970 River Ridge Road
Waldo, WI  53093                         :

GERALD HEINEN                            :
N. 2970 River Ridge Road
Waldo, WI  53093                         :

ROBERT HELSEL                            :
2902 Village Square Drive
Dover, PA  17315                         :

JAMES LOUIS HEMPHILL                     :
1300 Melrose Drive
Norman, OK  73069                        :

GAIL ROGERS HIBBLER                      :
1000 S. Cuyler
Oak Park, IL  60304                      :

LARRY W. HICE                            :
7910 SW 103rd Avenue
Gainesville, FL  32608-6208             :

DANNY HIGDON                             :
1526 Circle Drive
Guntersville, AL  35976                 :

PATRICIA A. HILL                         :
8439 S. Constance Avenue
Chicago, IL  60617                       :

RICHARD D. HILL                          :
225 Leland St.
Bloomington, IL  61701                   :

JAMES HILLAN

4986A S. Nelson Street                          :
Littleton, CO  80127
                                                :

LEANNE HINKLE (FORMERLY                         :
MCCURLEY)
110 Stage Coach St                              :
Hemphill, TX 75948                              :

JOHN HLOHINEC                                   :
4331 Sunniland St.
Sarasota, FL  64233                             :

JIMMY D. HOCK                                   :
10300 Katy Line Ct.
Yukon, OK  73099                                :

CHARMAIN A. HORVATH                             :
464 Barwell Street
Akron, Ohio  44303                              :

DAN P. HOURIHANE                                :
484 Ferndale Lane
Prospect Heights, IL 60070                      :

STEVE HOWELL                                    :
6932 Petworth Rd
Memphis, TN  38119                              :

GEORGE HUYE                                     :
11604 Villa Ave
Baton Rouge, LA  70810                          :

JOHN IAPOCE                                     :
10 Talbot Court
Bluffton, SC  29909                             :

SANDRA INMAN                                    :
1305 Bradford Lane
Knoxville, TN  37919                            :

CHARLES S. JACKSON                              :
PO Box 611
White Marsh, VA  23183                          :

RICK JAHNS                                      :
1427 W. Windhaven Avenue
Gilbert, AZ  85233-5143

SECOND AMENDED COMPLAINT          - 15 -

_____
                                              :
ROBERT JAYSON
14612 Barletta Way                            :
Delray Beach, FL  33446
                                              :
LELAND JELINEK
2476 Lawndale Road                            :
Grand Forks, ND  58201
                                              :
CHARLES JOHNSON
7652 Doe View Drive                           :
West Chester, OH  45069
                                              :
REECE JOHNSON
7030 S.W. 82nd Avenue                         :
Miami, FL  33143
                                              :
LARRY JONES
17604 Durbin Park Rd                          :
Edmond, OK  73012
                                              :
RONALD R .JONES
739 N. Pendleton Avenue                       :
Pendelton, IN  46064
                                              :
KAREN JUNEMAN, as personal
representative of the Estate of Roger         :
Juneman
902 Persimmon Lane - Unit B                   :
Mount Prospect, IL  60056
                                              :
DAVID N. KAPEC
8436 NW 6th Avenue                            :
Gainesville, FL  32607-1406
                                              :
KATHLEEN KENNEY
1147 Oak Ridge Drive                          :
Streamwood, IL  60107
                                              :
ROBERT KILLEEN
334 Rue St. Peter                             :
Metairie, LA  70005
                                              :
ROBERT E. KIMBLE
P.O. Box 847                                  :
Cleveland, MS 38732
_____

SECOND AMENDED COMPLAINT          - 16 -

THOMAS KROHNER                                          :
P.O. Box 269
Torrington, CT 06790                                   :


MARIA KRUMM, as personal                               :
representative of the Estate of Gary J.
Krumm                                                  :
41062 E. Rosewood
Clinton Township, MI 48038                             :


AMOS KUYKENDOLL                                        :
15123 Oak Street
Dolton, IL  60419                                      :


WILLIAM LANDMARK                                       :
146 Arthur Avenue
Thornwood, NY  10594                                   :


GREGORY LANE                                           :
P.O. Box 1676
Meridian, PA 39302                                     :


BRUCE LARRABEE                                         :
27 Erland Road
Stoney Brooke, NY  11790                               :


JENNIFER LATHAM, as personal                           :
representative of the Estate of Charles E.
Latham                                                 :
3585 Weeping Willow Lane
Loganville, GA  30052                                  :


CAROL E. LEBLANC                                       :
14260 W Newberry Rd STE 233
Newberry, FL  32669                                    :


JOSEPH LEE                                             :
4675 South Valleyview Drive
West Bloomfield, MI  48323                             :


SHARON E. LIBBRA                                       :
1815 Penina Dr.
Crosby, TX  77532                                      :


TERRY GENE LIBBRA                                      :
1815 Penina Dr.
Crosby, TX  77532

SECOND AMENDED COMPLAINT              - 17 -

JANET LINDSAY, as personal                          :
representative of the Estate of Ronald              :
Lindsay
404 Larson Dr.                                       :
Danbury, CT 06810
                                                     :
JAMES W. LONGMAN
2214 Teal Ct.                                        :
Bellingham, WA  98229
                                                     :
JOHN LUCAS
9 Mohegan Lane                                       :
Rye Brook, NY  10573
                                                     :
JAMES E. LYNCH
3910 Donegal Drive                                   :
Bethlehem, PA  18020
                                                     :
MICHAEL MACISCO
745 Nichols Avenue                                   :
Stratford, CT  06614
                                                     :
JOHN MALEK
781 Doctor Ave                                       :
Sebastian, FL  32958
                                                     :
STEVEN MALLORY
10256 Huntington Avenue                              :
Omaha, NE  68122
                                                     :
JOHN MALLOY
2913 Cheyenne Drive                                  :
Bowling Green, KY  42104
                                                     :
PATRICIA MARAZO
120 N. Hisbiscus Ct.                                 :
Plantation, FL  33317
                                                     :
NICHOLAS S. MARINOS
248 Melrose Drive                                    :
New Stanton, PA  15672
                                                     :
EUGENE MARONEY
1219 Sleepy Hollow Road - Unit 1197                  :
Athens, NY  12015

SECOND AMENDED COMPLAINT            - 18 -

JOHN MARSH                               :
1054 Mildred Avenue
Lorain, OH  44052-1218                   :

RICHARD MASI                             :
13837 76th Terrace North
Seminole, FL  33776                      :

GLEN MASON                               :
4001 Sunflower Road
New Brighton, PA  15066                  :

SCOTT A. MATTINGLY                       :
2297 Burns Road
Rineyville, KY  40162                    :

THOMAS W. MATYJASIK                      :
1180 Cedar
Birmingham, MI  48009                    :

THOMAS MCCALL                            :
1050 Starkey Rd Apt 2503
Largo, FL  33771                         :

RUDOLPH MCCLINON JR.                     :
550 Alton Way, Unit 7154
Denver, CO  80230                        :

CASEY MCCOY                              :
508 East Noble Ave.
Guthrie, OK  73044                       :

SHERRY MCDONALD                          :
PO Box 1396
Ocean Park, WA  98640                    :

THOMAS MCEVANS III                       :
22617 Avon Lane
Southfield, MI  48075                    :

JAMES P. MCGUIRE                         :
3933 Forest Avenue
Western Springs, IL  60558               :

JOHN F. MCKENZIE                         :
172 Williamsburg Drive
Monroe, CT  06468

SECOND AMENDED COMPLAINT        - 19 -

ANTHONY MCMURRAY                                          :
21373 S. Boschome Circle                                 :
Kildeer, IL  60047
                                                         :
PETER S. MCVITTIE                                        :
56 Chestnut                                              :
Chelsea, MI  48118
                                                         :
JERREL L. MEAD                                           :
56426 Elmer Ave                                          :
South Bend, IN  46619
                                                         :
MARY MENDOZA                                             :
410 Isolde Drive                                         :
Houston, TX  77024
                                                         :
ORTON W. MESSENGER                                       :
92 Bay Tree Drive                                        :
Miramar Beach, FL  32550
                                                         :
SUSAN E. MESSINA                                         :
10974 Porto Foxi Street                                  :
Las Vegas, NV  89141
                                                         :
PHILLIP N. METCALFE                                      :
1093 Balfour Circle                                      :
Phoenixville, PA  19460
                                                         :
RONALD METZGER                                           :
517 Winkworth Parkway                                    :
Syracuse, NY  13215
                                                         :
PAMELA MEYER, as personal                                :
representative of the Estate of Michael
Meyer                                                    :
2324 San Gabriel Drive
Plano, TX  75074                                         :
                                                         :
ARTHUR R. MILES, JR.                                     :
2711 Wynfield Road                                       :
West Friendship, Maryland  21794
                                                         :
JAMES T. MILLER                                          :
1700 Helena Avenue                                       :
Hartland, MI  48353

SECOND AMENDED COMPLAINT              - 20 -

FRANK E. MILLER, JR.                               :
1 Orinco Court
Port St. Lucie, FL  34952                          :

JEAN MINAL                                         :
819 River Forest Court
Bensenville, IL  60106                             :

FRIEDA MINGA                                       :
5073 Club Vista Point
Stone Mountain, GA  30088                          :

BARBARA ANN MINK, as personal                      :
representative of the Estate of Daniel Mink
P.O. Box 861                                       :
Crystal Beach, FL  34681
                                                   :
ROBERT MINTON                                      :
615 20th Avenue West
Bradenton, FL  34205
                                                   :
JOE MONTANARO                                      :
457 Dayton Road
Trumbell, CT  06611
                                                   :
RICHARD MOORE                                      :
5507 W Comanche Ave
Spokane, WA  99208
                                                   :
STAFFORD W. MOORE                                  :
546 Coble Ave
Albemarle, NC  28001
                                                   :
DINAH MORGAN                                       :
277 Honor Drive
Kerrville, TX 78028
                                                   :
SYLVIA E. MOSLEY                                   :
P.O. Box 3214
Suwanee, GA  30024
                                                   :
D. CRAIG MULLEN                                    :
14364 Autumns Avenue, SE
Monroe, WA  98272
                                                   :
KELLY PATRICK MULLIGAN
9585 Highview Drive

SECOND AMENDED COMPLAINT              - 21 -

Eden Prairie, MN  55347                         :

DARRELL NAMIE                                   :
1280 Chapel Road
Monaca, PA  15061                               :

HERBERT A. NEWMAN                               :
2448 Charney Road
University Heights, OH  44118                    :

CHESTER NOWAK                                   :
75 Cami Court Apt. 207
Walton, KY  41094                               :

RICHARD PAUL NYDEGGER                           :
11224 SE 172nd Avenue
Happy Valley, OR 97086                          :

THOMAS A. O'DELL                                :
5877 White Tail Drive
Ooltewah, TN  37363                             :

WALTER ORR                                      :
9 Sandlewood Circle
Madison, WI  53716                              :

JIM OVERMILLER                                  :
1095 Millcreek Road
York, PA 17404                                  :

BARBARA OXNER (previously Jones)                :
837 North Cowboy Canyon Drive
Green Valley, AZ  85614                         :

MARTHA PARRY                                    :
139 Lincoln Drive
Oakdale, NY  11769                              :

FRANK M. PATTERSON                              :
914 S Lombard
Oak Park, IL  60304                             :

TERRY PAULK                                     :
4317 Avenue O
Galveston, TX  77550                            :

DANIEL T. PERRY

SECOND AMENDED COMPLAINT          - 22 -

4794 Timberline Drive                               :
North Street, MI  48049
                                                    :

KEN PHILBRICK                                       :
13300 Indian Rocks Rd #102                          :
Largo, FL  33774
                                                    :

FRANK L. PHILLIPS                                   :
563 Cook Rd
Aynor, SC  29511                                    :

STEPHEN WAYNE PIGG                                  :
12345 Highway 601
Midland, NC  28107                                  :

CLIFFORD L. PINCKNEY                                :
8 Hilton Glen Ct
Chapin, SC  29036                                   :

RITA E. PINO                                        :
7655 West 67th Avenue, #312
Arvada, CO  80004                                   :

RONALD M. PINSONEAULT                               :
129 Nicole Drive
Brooklyn, MI  49230                                 :

JOHNNY A. PLEMONS                                   :
2218 Canterbury Ct.
Deer Park, TX  77536                                :

ROBERT POLLOCK                                      :
324 Amundson Parkway
Stoughton, WI  53589                                :

DENNIS H. PORTER                                    :
702 N. Wilson St.
Greenfield, IN  46140                               :

DENNIS POWERS                                       :
139 Preston Circle
Jacksboro, TN  37757                                :

BLAIR QUASNITSCHKA, as personal                     :
representative of the Estate of Linda Kirbus
(formerly Quasnitschka)
14 Applewood Ln.

Avon, CT 06001                              :

PAUL QUATTRONE                              :
2146 Winsley Street
Clermont, FL  34711                         :

MARZIANO P.  RAGNONE                        :
4709 Myra Lee Dr.
Auburn, MI  48611                           :

JAMES RAUEN                                 :
1280 Lynrose Lane
Neenah, WI  54956                           :

DONALD P. REIMER                            :
3005 Tudor Way S.E.
Albany, OR  97322                           :

MARIA G. RESNICK                            :
12 Washington Lane
Clifton Park, New York  12065               :

LINDA REYNOLDS                              :
824 Earhart Road
Ann Arbor, MI  48105                        :

STAN RICKS                                  :
PO Box 2524
Hammond, LA  70404                          :

DICK ROBERTS                                :
4677 Aero Drive
Lewiston, ID  83501                         :

THOMAS ROBY                                 :
40 Bay Path Way
Branford, CT  06405                         :

DAVID ROMAN                                 :
4506 17th Street W.
Palmetto, FL  34221                         :

LLOYD T. ROSENSTEEL                         :
23 Breezy Point Way
Argyle, NY  12809                           :

RICHARD K. ROSKOWE

2751-1 E. Aragon Blvd                          :
Sunrise, FL  33313
                                               :

RICHARD ROSSELL
1432 Marlane Drive                             :
Girard, OH  44420
                                               :

RONALD J. RUBIN
1784 Bayshore Drive                            :
Englewood, FL  34223
                                               :

ROBERT RUSSO
9822 W Indore Drive                            :
Littleton, CO  80128
                                               :

KAREN RYAN-WHITE
7901 S. Richmond Avenue                        :
Tulsa, OK  74136-8169
                                               :

EDWARD M. SAAD
988 Chateau Drive                              :
Marion, OH  43302
                                               :

JOHN J. SANCHEZ
3219 Rustic Oak                                :
San Antonio, TX  78261
                                               :

JACK SANDERS
19793 Casa Verde Way                           :
Fort Myers, FL  33967
                                               :

MICHAEL L. SANDERS
13817 West 54th Terrace                        :
Shawnee, KS  66216-5106
                                               :

SHEILA SANDERS
4756 Derbyshire Drive                          :
North Randall, OH  44128
                                               :

GAIL C. SANTALUCIA-DALY
938 Wilson Drive                               :
Lancaster, SC  29720
                                               :

PHILIP J. SARCONE
23 Framingham Lane                             :
Shoreham, NY 11786

RICHARD SAULLE                              :
404 Rachael Court
Gibsonia, PA  15044                          :

MARCOS E. SAYAGO                          :
625 Tam O Shanter Dr.
Orlando, FL  32803-6928                      :

GERALD H. SCHIELE                          :
3462 East 62nd Street
Kansas City, MO  64130                       :

DOUGLAS SCHIFFMILLER                    :
2795 Strickland Avenue
Brooklyn, NY  11234                          :

TIMOTHY L. SCHWARTZ                      :
6472 Marshall
Canton, MI 48187                             :

DAVID L. SEIDEL                             :
1795 Gervais Ave. #6
Maplewood, MN  55109                       :

ROGER SEROLA                              :
6261 SE Winged Foot Dr.
Stuart, FL 34997                             :

LEONARD SHAW                              :
4152 King Richard Dr.
Sarasota, FL   34232                         :

ROBERT G. SHEA JR.                         :
908 McKinley
Bay City, MI  48708                          :

SHELDON F. SHEFF                           :
9472 Southgate Drive
Cincinatti, OH  45241                        :

WOODROW SHELTON JR.                     :
117 Calloway Lane
Hendersonville, TN  37075                    :

DARRYL SHERMAN                           :
1011 Horseshoe Drive
Sugar Land, TX  77478

SECOND AMENDED COMPLAINT         - 26 -

MIKE SHOBE                                                    :
PO Box 577                                                   :
Ft. White, FL  32038-0577

                                                             :

LAWRENCE J. SIMMS                                            :
5325 NW 51st Street
Coconut Creek, FL  33073                                     :

                                                             :

DOUGLAS A. SIMS                                              :
3755 Brandi Ln.
Paris, TX  75462                                             :

                                                             :

ERIC B. SIMS                                                 :
705 Melissa Drive
Bolingbrook, IL  60440                                       :

                                                             :

CHINESTA SKIPPER SMITH                                       :
249 Ivan Church Road
Crawfordville, FL  32327                                     :

                                                             :

MARIE SMITH, as personal representative
of the Estate of David William Smith                         :
3802 Spruce Glen Drive
Kingwood, TX  77339                                          :

DENNIS Z. SMITH                                              :
3681 Cheltenham Road
York, PA  17402                                              :

RONALD W.  SMITH                                             :
5843 South 1050 West
Owensville, IN  47665                                        :

ARMANDO D. SOLER                                             :
7061 SW 99th Avenue
Miami, FL  33173                                             :

DEBORAH ANN SORRELL-ULRICH                                   :
673 Wellerburn Avenue
Severna Park, MD  21146                                      :

DAVID ST. JOHN                                               :
13306 E. 94th Place North
Owasso, OK  74055                                            :

SARAH ST. JOHN

13306 E. 94th Place North    :
Owasso, OK  74055

:

ROBERT C. STEDMAN JR.    :
9455 Sky Vista Parkway Apt 4D
Reno, NV 89506

:

THOMAS STEIN    :
1241 Big Oak Lane
Sarasota, FL  34242

:

MICHAEL M. STERN    :
406 Briarcliff Cir.
Sebastian, FL  32958

:

CAROL STEVENS (formerly Stehle)    :
605 Kenwood Drive
Vero Beach, FL  32968

:

JOHN STOUT    :
1534 Kennellworth Place
Bronx, NY  10465

:

DONALD STRIPLIN    :
1426 W. Castle Mesa Drive
Castle Rock, CO  80109-9504

:

CELESTE M. SULLIVAN    :
755 Pine Run Drive
Osprey, FL 34229

:

KURT A.  SUMMERS    :
5421 East Harmon Apt K14
Las Vegas, NV  89122

:

STANLEY  SUWALA    :
2582 Mallard Ln.
Gillbertsville, PA  19525-9200

:

PAUL SVABEK    :
12800 Hibiscus Avenue
Seminole, FL  33776

:

EDWARD SWANSON    :
807 Gascon Place
Temple Terrace, FL  33617

SECOND AMENDED COMPLAINT        - 28 -

MARILYN SWANSON                    :
4914 Ravine Court
Ann Arbor, MI  48105               :

MICHELLE TABLER                    :
11417 Discovery Park Drive
Anchorage, AK  99515               :

RUSSELL A. TAPIE                   :
1608 Disney Drive
Metairie, LA  70003                :

WANDA TATUM                        :
580 Ridgeway Rd
Jackson, GA 30233                  :

CHARLES TAYLOR                     :
1702 Onon Daga Drive
Geneva, FL  32732                  :

WRIGHT B. TAYLOR, III              :
8913 Highway 36
Jones Creek, TX  77541             :

ROBERT W. TELKINS                  :
158 Stoney Creek
Houston, TX  77024                 :

STEPHEN THOENNES                   :
5918 Pearson Drive
Brooklyn Center, MN  55429         :

GARY THOMAS                        :
8421 Lainie Lane
Orlando, FL  32818                 :

MONTAGUE A. THOMAS III             :
5663 Lakeshore Village Circle
Lake Worth, FL  33463              :

JEFFREY TOBIN                      :
3017 SE 5th Ave.
Cape Coral, FL 33904               :

JOSEPH TOMEC                       :
23080 W. Villa Rica Road
Antioch, IL  60002

MARY TURLEY, as personal                                    :
representative of the Estate of Robert H.                   :
Turley
34251 N. Homestead Road                                     :
Gurnee, IL  60031
                                                            :

ALBERT TURNER
9754 S. Winston Avenue                                      :
Chicago, IL 60643
                                                            :

DAVID J. TUSKEY
380 Westchester Road                                        :
Saginaw, MI 48603
                                                            :

GEORGE TWOHIG
430 Lowick Drive                                            :
Colorado Springs, CO  80906
                                                            :

CORNELL G. VANDEGRIFT
7955 W. Evelyn Ct.                                          :
Cape Canaveral, FL  32920-5129
                                                            :

MILFORD T. VAUGHT, JR.
175 Sims Circle                                             :
Waynesville, NC  28786
                                                            :

LOUIS VEAL
5126 Springfield Ct                                         :
Westerville, OH  43081
                                                            :

DALE A. VILLEMAIN
3501 Amberly Trail                                          :
Evans, GA  30809
                                                            :

CLETA VINING
641 Romohr Acres                                            :
Cincinatti, OH  45244
                                                            :

JOSEPH J. VIOLA SR.
2448 N. Neva                                                :
Chicago, IL  60707
                                                            :

RONALD WANEK
6024 South 93rd Street                                      :
Omaha, NE  68127

SECOND AMENDED COMPLAINT            - 30 -

BRIAN J. WANLESS                              :
4078 Delmar View Drive
Grandville,MI  49418                          :

ARTHUR WASHINGTON                            :
253 Belton Road
Ruston, LA  71270                             :

TIMOTHY JACKSON WATWOOD                      :
10465 AL Highway 168
Boaz, AL 35957                               :

MARK E. WEGNER                                :
10680 S Shore Dr
Lake, MI  48632                               :

FINDLEY WEST                                  :
8719 Golden Chord Circle
Houston, TX  77040                            :

NEIL WHICKER                                  :
113 Nicoletti Drive
Midvale, UT  84047                            :

CHARLES L. WILLIAMS                          :
1015 Starling Way
Viera, FL  32955                              :

WALKER WILLIAMS                               :
1820 King James Road
Kissimmee, FL  34744                          :

RODNEY W. WILLIAMS SR.                        :
1383 Gasparilla Drive
Fort Myers, FL  33901                         :

BARRY WILSON                                  :
7 Brookside Dr.
Traveleres Rest, SC  29690                    :

ROBIN WILSON                                  :
1101 Winterhawk Drive
St. Augustine, FL  32084                      :

FRANCES WISNIEWSKI                           :
358 Woodhill Drive
Carol Stream, IL  60188

SECOND AMENDED COMPLAINT            - 31 -

JAMES  MICHAEL WOOD                              :
125 Williamsburg Lane                           :
Athens, GA  30605
                                                :
KENNETH WORTHINGTON                             :
3917 Rogers St.                                 :
Ft. Myers, FL  33901
                                                :
LINDA WOSHNER                                   :
137 South Euclid Avenue                         :
Pittsburgh, PA  15202
                                                :
ROBERT A WRIGHT, JR.                            :
1841 Imperial Golf Course Blvd.                 :
Naples, FL  34110
                                                :
BARBARA D. WRIGHT, as personal                  :
representative of the Estate of Kevin A.        :
Wright
117 Crooked Creek Road                          :
Troy, MO  63379
                                                :
LEONARD YARBROUGH                               :
33003 Pecan Hill Drive                          :
Brookshire, TX 77423
                                                :
DONALD YOUNG                                    :
1147 Oak Ridge                                  :
Streamwood, IL  60107
                                                :
JAMES M. ZAHNER                                 :
1211 Covington Drive                            :
Saline, MI  48176
                                                :
RONALD D. ZARBAUGH                              :
8426 Chamberlain Place                          :
Oviedo, FL  32765
                                                :
ROSE ZUMWINKLE, as personal                     :
representative of the Estate of William         :
Zumwinkle
46 Glenview Loop                                :
St. Cloud, MN  56303
                                                :
MANUEL ZUNIGA
9707 Penn Avenue N

Brooklyn Park, MN  55444                    :

CHARLES DENNIS ZYBURO                       :
7 Monterey Land
Yaphank, NY  11980                          :

                    Plaintiffs,             :

            v.                              :

ALLSTATE INSURANCE COMPANY,                 :
2775 Sanders Road
 Northbrook, IL  60062                      :

THE ALLSTATE CORPORATION                    :
2775 Sanders Road
 Northbrook, IL  60062

AGENTS PENSION PLAN
2775 Sanders Road
Northbrook, IL  60062

ADMINISTRATIVE COMMITTEE, in its
capacity as administrator of the Agents
Pension Plan,
2775 Sanders Road
Northbrook, IL  60062

                    Defendants.

## **INTRODUCTION**

1.  This action is based on a series of events by which Allstate Insurance Company and its parent, The Allstate Corporation (referred to collectively herein as "Allstate"), violated the rights of thousands of "captive" insurance sales agents whom Allstate employed during the 1980's and 90's under its "R830" and "R1500" employment contracts.In order to induce employee agents to devote their careers to selling insurance and financial services products exclusively on behalf of Allstate, the company made them participants in the Agents Pension Plan after one year of service and they became fully vested after five (5) years.  The early

retirement provisions of the Agents Pension Plan were one of the most attractive features.  In addition to the fact any individual having at least twenty (20) years of "continuous service" was eligible for early retirement benefits at age 55, the amount of the benefit was enhanced or "beefed-up" in order to create a further incentive for early retirement.

2.  During the 1990's, however, Allstate began to pull the rug from under its employee agents.  First, in November 1991, it unlawfully attempted to amend the Agents Pension Plan retroactively to phase out the "beefed up" early retirement benefit over several years, with the benefit completely eliminated for agents who elected early retirement subsequent to December 31, 1999.

3.  Second, through amendments adopted over several years, Allstate attempted to amend the Agents Pension Plan further to exclude a particular form of "service"—that is, service in a capacity denominated as "Exclusive Agent independent contractor"—from being counted as "service" for purposes of accruing additional retirement benefits and determining eligibility for early retirement benefits.

4.  Third, Allstate strove throughout the 1990's to persuade and coerce its employee agents to convert to so-called "Exclusive Agent independent contractor" status.  These efforts culminated in Allstate's implementation of its "Preparing for the Future" Program (the "Program"), announced in November 1999, under which employee agents were forced to convert to "Exclusive Agent" or leave Allstate's service by June 30, 2000.  Those agents who "converted" to "Exclusive Agents," however, continued to perform the same job that they had always performed as employee agents and were, in reality, subject to no less control than they had been subject to prior to their conversion.  Yet, by characterizing them as "independent contractors" and by amending the Agents Pension Plan to deny them credit for the service they

gave Allstate as Exclusive Agents, Allstate was able, in effect, to deprive these agents of their early retirement subsidies under the Agents Pension Plan.

5.  In phasing out the "beef-up" and altering the eligibility requirements for obtaining early retirement benefits and subsidies, Allstate violated the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq.*, and, in particular, ERISA Section 204(g)(2) (codified as 29 U.S.C. § 1054(g)(2)), which prohibits any plan amendment that has the effect of "cutting back" on early retirement benefits or subsidies.

6.  In August 2001, a group of former employee agents who were subjected to the Program  filed suit against Allstate and Edward M. Liddy on behalf of themselves and the other 6,000-plus similarly situated employee agents, seeking a declaratory judgment that a general release of liability signed by most employee agents subject to the Program (the "Release") is invalid, and to otherwise vindicate their rights under the ADEA, Section 510 of ERISA, 29 U.S.C. § 1140, and the common law on a class-wide and collective-action basis.  *See Romero, et al. v. Allstate Ins. Co., et al.*, Civ. No. 01-3894 (E.D. Pa.) ("*Romero I*").   Additionally, in December 2001, the original *Romero I* plaintiffs and four other former employee agents filed a second putative class action against Allstate, the Agents Pension Plan, and the Administrative Committee for violations of ERISA arising from defendants' unlawful cutback of early retirement benefits and subsidies under the Pension Plan and related misrepresentations made to employee agents in connection with the Program.  *See Romero, et al. v. Allstate Ins. Co., et al.*, Civ. No. 01-6764 (E.D. Pa.) ("*Romero II*").  The *Romero I* and *Romero II* cases are collectively, referred to as "*Romero*".

7.  Plaintiffs in this action—each of whom was, and/or is suing on behalf of a decedent who was, an employee agent of Allstate who either converted to "Exclusive Agent" status or left Allstate's service as a result of the Program—are putative members of one or more of the classes

and/or collective action asserted in *Romero*.   On January 6, 2015, however, the Court in *Romero* entered an order providing that its October 6, 2014 denial of certification of a class that sought to invalidate the Release on various grounds "put putative class members on unequivocal notice" that they must invalidate the Release individually in order to participate in any potential class on the *Romero* substantive claims.   Plaintiffs thereafter became named plaintiffs in *Romero I*. Plaintiffs now bring this "related" action to preserve their other claims against Allstate and/or vindicate their rights under ERISA.

<u>**JURISDICTION AND VENUE**</u>

8.   This is a civil action over which original jurisdiction is vested in this Court by 28 U.S.C. §§ 1331 and 1343(a).   This Court also is vested with exclusive subject matter jurisdiction over the plaintiffs' claims under ERISA pursuant to 29 U.S.C. § 1132(e)(1) and (f).

9.   This Court has personal jurisdiction over the defendants pursuant to 29 U.S.C. § 1132(e)(2) as Allstate may be found in the Commonwealth of Pennsylvania and the other defendants have the requisite contacts with the United States and the Commonwealth of Pennsylvania.

10. Venue is appropriate in the Eastern District of Pennsylvania under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) as this action is brought in a judicial district in which a defendant resides or may be found at the time the action was commenced.   Further, a number of the plaintiffs reside in the Commonwealth of Pennsylvania, including in counties comprising the Eastern District of Pennsylvania, and the related *Romero* cases are pending in the Eastern District of Pennsylvania.

## THE PARTIES

**A.    PLAINTIFFS**

**1.    General Allegations As To All Plaintiffs**

11. Each of the plaintiffs in this action was—or is suing as personal representative on behalf of a decedent who was—employed by Allstate as of November 1999 as an insurance agent under a R830 Allstate Agent Compensation Agreement ("R830 contract") or a R1500 Agent Employment Agreement ("R1500 contract") and had said contract terminated as part of the Program.  These former employee agents are collectively referred to herein as "Plaintiffs"

12. At all times pertinent hereto, each of the Plaintiffs was an "employee" of Allstate within the meaning of 29 U.S.C. § 1002(6) and a vested "participant" in and/or "beneficiary" of the Agents Pension Plan within the meaning of 29 U.S.C. § 1002(7) and (8).

13. As part of the Program, each of the Plaintiffs either continued to provide compensated service to Allstate as a so-called "Exclusive Agent independent contractor" ("Converted Plaintiffs") or retired from the service of Allstate ("Retired Plaintiffs").  Those Converted Plaintiffs and Retired Plaintiffs who had completed less than twenty (20) years of continuous service as employees at the time their R830 or R1500 contract was terminated under the Program are collectively referred to herein as "ERISA Converted Agent Plaintiffs" and "ERISA Retired Agent Plaintiffs," respectively.

14. As of December 31, 1991, each of the Plaintiffs—except for Harold E. Baker, John R. Forrest, Francis H. Hanratty, Robert J. Killeen, Jean Minal, John Stout, George F. Twohig, and Joseph J. Viola Sr.—was under the age of 55.  These Plaintiffs who were under age 55 as of December 31, 1991, are collectively referred to herein as the "ERISA § 204(g)(2) Plaintiffs."

15. Many former employee agents of Allstate have pursued all administrative remedies available to them under the Agents Pension Plan by writing to the Administrator protesting and

appealing the decision of Allstate to deny them the full benefits to which they are and had been entitled under the Agents Pension Plan. These efforts have been unsuccessful and any other efforts would be futile in view of the fact that in each case, the decision to deny such pension benefits was a policy decision authorized at the highest level of Allstate's management and was the product of careful planning and deliberation.

### 2.    Specific Allegations As To Individual Plaintiffs

16. Plaintiff Thomas Abell ("Abell") was born in 1951 and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

17. Plaintiff Katharine Adams-Love (formerly Katharine Kroner) ("Adams-Love") was born in 1957, converted to Exclusive Agent as part of the Program, and has at least thirty-nine (39) years of continuous service.   Plaintiff Adams-Love remains in the service of Allstate.

18. Plaintiff John Aellen III ("Aellen") was born in 1953 and had at least ten (10) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

19. Plaintiff Clyde Allen Jr. ("Allen") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2002.

20. Plaintiff Joseph Alley ("Alley") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service at the time he retired from Allstate's service in 2004.

21. Plaintiff Thomas Allison ("Allison") was born in 1953, converted to Exclusive Agent as part of the Program, and has at least thirty (30) years of continuous service.  Plaintiff Allison remains in the service of Allstate.

SECOND AMENDED COMPLAINT          - 38 -

22. Plaintiff Richard Altieri ("Altieri") was born in 1941 and had at least fifteen (15) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

23. Plaintiff Andrew Anderson ("Anderson") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2007.

24. Plaintiff Carl Angell ("Angell") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least thirty-six (36) years of continuous service with Allstate at the time he retired from the company's service in 2007.

25. Plaintiff Eugenia Annino is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Robert S. Annino. Robert S. Annino was born in 1943 and had at least fourteen years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

26. Plaintiff Daniel Anulare ("D. Anulare") was born in 1945, converted to Exclusive Agent as part of the Program, and had at least twenty-eight (28) years of continuous service with Allstate at the time he retired from the company's service in 2004.

27. Plaintiff Linda A. Anulare ("L. Anulare") was born in 1956 and had approximately nineteen (19) years of continuous service as an agent with Allstate at the time she left the company's service in 2000 as a result of the Program.

28. Plaintiff Bruce William Ashley ("Ashley") was born in 1958 and had at least thirteen (13) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

29. Plaintiff Richard L. Aurand ("Aurand") was born in 1942 and had at least twenty (20) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

30. Plaintiff Maxine Bachicha ("Bachicha") was born in 1951 and had at least ten (10) years of continuous service with Allstate at the time she left the company's service in 2000 as a result of the Program.

31. Plaintiff Harold E. Baker ("Baker") was born in 1936 and had at least thirty-five (35) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

32. Plaintiff Robert G. Barzelay ("Barzelay") was born in 1951 and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

33. Plaintiff Gary Baumgardner ("Baumgardner") was born in 1949, converted to Exclusive Agent as part of the Program, and had provided at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2009.

34. Plaintiff James A. Beard ("Beard") was born in 1943, converted to Exclusive Agent as part of the Program, and provided at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service in 2010.

35. Plaintiff Deborah S. Becker ("Becker") was born in 1951 and had at least twelve (12) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

36. Plaintiff Richard C. Bennett ("Bennett") was born in 1948, converted to Exclusive Agent as part of the Program, and provided at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service in 2008.

37. Plaintiff Colin T. Bent ("Bent") was born in 1948, converted to Exclusive Agent as part of the Program, and has provided at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2011.

38. Plaintiff Vernon Bentley ("Bentley") was born in 1943, converted to Exclusive Agent as part of the Program, and had provided at least thirty (30) years of continuous service to Allstate at the time he retired from the company's service in 2010.

39. Plaintiff Harold Bernstein ("H. Bernstein") was born in 1943 and had provided at least ten (10) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

40. Plaintiff H. Bernstein is also suing in his capacity as personal representative for the Estate of deceased former Allstate agent Sandra Bernstein. Sandra Bernstein was born in 1943, converted to Exclusive Agent as part of the Program, and had provided at least twenty-two (22) years of continuous service to Allstate at the time she retired from the company's service in 2000. .

41. Plaintiff Montell Berry ("M. Berry") was born in 1954 and had provided at least twenty-one (21) years of continuous service at the time he retired from the company's service in 2000 as a result of the Program.

42. Plaintiff Wallace Berry ("W. Berry") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2003.

43. Plaintiff Linda Glass Beucher ("Beucher") was born in 1948, converted to Exclusive Agent as part of the Program, and has at least thirty-one (31) years of continuous service with Allstate. Beucher remains in the company's service.

SECOND AMENDED COMPLAINT          - 41 -

44. Plaintiff Stanley R. Binder ("Binder") was born in 1943 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

45. Plaintiff Andrew Blanchette ("Blanchette") was born in 1943 and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service as a result of the Program.

46. Plaintiff Craig Bock ("C. Bock") was born in 1953, converted to Exclusive Agent as part of the Program, and had at least thirty-five (35) years of continuous service to Allstate at the time he retired from the company's service in 2010.

47. Plaintiff Gary L. Bock ("G. Bock") was born in 1959, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2007.

48. Plaintiff David P. Bohan ("Bohan") was born in 1955 and had at least fifteen (15) years of continuous service to Allstate when he left the company's service as a result of the Program.

49. Plaintiff Roland Boisis ("Boisis") was born in 1944, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2002.

50. Plaintiff Janice D. Bond ("Bond") was born in 1949 and had at least fourteen (14) years of continuous service to Allstate at the time she left the company's service as a result of the Program.

51. Plaintiff Dwight C. Bondy ("Bondy") was born in 1943 and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service as a result of the Program.

52. Plaintiff Robert Francis Bortell ("Bortell") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2002.

53. Plaintiff Daniel Bossio ("Bossio") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least thirty (30) years of continuous service to Allstate at the time he retired from the company's service in 2008.

54. Plaintiff James Brachfeld ("J. Brachfeld") was born in 1945 and had at least thirty-two (32) years of continuous service to Allstate at the time he retired from the company's services in 2000 as a result of the Program.

55. Plaintiff Roberta L Brachfeld ("R. Brachfeld") was born in 1947 and had at least thirteen (13) years of continuous service to Allstate at the time she left the company's service as a result of the Program.

56. Plaintiff Eugene Brandon ("Brandon") was born in 1945, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2004.

57. Plaintiff Michael J. Brantmeier ("Brantmeier") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service in 2003.

58. Plaintiff Jay Broker ("Broker") was born in 1944, converted to Exclusive Agent as part of the Program, and had provided at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service in 2001.

59. Plaintiff Neal Swank Brooks ("Brooks") was born in 1942 and had at least twenty-eight (28) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

60. Plaintiff Faye Brown (F. Brown) was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) continuous years in the service of Allstate at the time she retired from the company's service in 2006.

61. Plaintiff Lester Brown Sr. ("L. Brown") was born in 1943 and had provided at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service as a result of the Program.

62. Plaintiff Richard A. Brown ("R. Brown") was born in 1952, converted to Exclusive Agent as part of the Program, and had provided at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service in 2012.

63. Plaintiff William Brown Jr. ("W. Brown") was born in 1944 and had at least seventeen (17) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

64. Plaintiff Richard A. Brownson ("Brownson") was born in 1944, converted to Exclusive Agent as part of the Program, and had at least thirty-six (36) years of continuous service to Allstate at the time he retired from the company's service in 2010.

65. Plaintiff Charles R. Burns III ("Burns") born in 1952, converted to Exclusive Agent as part of the Program, and has at least thirty-two (32) years of continuous service to Allstate. Burns remains in the company's service.

66. Plaintiff Thomas Bushey ("Bushey") was born in 1958 and had provided at least twelve (12) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

67. Plaintiff David Ross Bussell ("Bussell") was born in 1954 and had at least thirteen (13) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

68. Plaintiff Gary F. Callaway ("G. F. Callaway") was born in 1960 and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

69. Plaintiff Georgiana Callaway ("G. Callaway") was born in 1956 and had at least fourteen (14) years of continuous service to Allstate at the time she left the company's service as a result of the Program.

70. Plaintiff Albert J. Cannizzaro ("Cannizzaro") was born in 1944 and had at least thirty-three (33) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

71. Plaintiff Lawrence J. Capouch ("Capouch") was born in 1945, converted to Exclusive Agent as part of the Program, and had at least forty-one (41) years of continuous service to Allstate at the time he retired from the company's service in 2010.

72. Plaintiff Richard E. Carter ("Carter") was born in 1946 and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service as a result of the Program.

73. Plaintiff Victor M. Catarisano ("Catarisano") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least thirty-seven (37) years of continuous service to Allstate at the time he retired from the company's service in 2010.

74. Plaintiff Portia M. Chambliss ("Chambliss") was born in 1948 and had at least twenty-one (21) years of continuous service to Allstate at the time she retired from the company's service as a result of the Program.

75. Plaintiff Mark D. Chase ("Chase") was born in 1952 and had at least seventeen (17) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

76. Plaintiff Amy R. Cherrnay ("Cherrnay") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service to Allstate at the time she left the company's service in 2001.

77. Plaintiff Jimmy Chin ("Chin") was born in 1954 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

78. Plaintiff Don C. Christensen ("Christensen") was born in 1940 and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

79. Plaintiff James M. Cirillo ("Cirillo") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service with Allstate at the time he left the company's service in 2006.

80. Plaintiff Bruce W. Clotfelter ("Clotfelter") was born in 1955 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

81. Plaintiff Ira Cloud ("Cloud") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-three (23) years of continuous service to Allstate as an agent at the time he retired from the company's service in 2002.

82.  Plaintiff Milton C. Cobb ("Cobb") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service in 2006.

83. Plaintiff Mark Clemens Collier ("Collier") was born in 1941, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service to Allstate at the time he left the company's service in 2004.

84. Plaintiff Wanda Collins-Smith (Collins-Smith) was born in 1943 and had at least twenty-six (26) years of continuous service to Allstate at the time she retired from the company's service as a result of the Program.

85. Plaintiff Joseph P. Conboy ("Conboy") was born in 1946 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

86. Plaintiff Richard F. Cook ("Cook") was born in 1945 and had at least thirteen (13) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

87. Plaintiff Janet M. Cooley ("Cooley") was born in 1942 and had at least twenty-two (22) years of continuous service to Allstate at the time she retired from the company's service as a result of the Program.

88. Plaintiff James Reavis Cornett ("Cornett") was born in 1947 and had at least ten (10) years of continuous service to Allstate as an agent at the time he left the company's service as a result of the Program.

89. Plaintiff Charles E. Corry ("Corry") was born in 1950 and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

90. Plaintiff Bruce R. Cralley ("Cralley") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2003.

91. Plaintiff Jack J. Craparo, Jr. ("Craparo") was born in 1956 and had at least twelve (12) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

SECOND AMENDED COMPLAINT          - 47 -

92. Plaintiff Jay Andrew Crystal ("J.A. Crystal") was born in 1958, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2006.

93. Plaintiff J.A. Crystal is also suing in his capacity as personal representative for the Estate of deceased former Allstate agent Diane L. Crystal. Diane L. Crystal was born in 1958 and had at least fifteen (15) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

94. Plaintiff Lonnie Michael Curtis ("Curtis") was born in 1956, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service in 2010.

95. Plaintiff Brent L. Danner ("Danner") was born in 1947 and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

96. Plaintiff John Darwish ("Darwish") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2002.

97. Plaintiff Harold E. Daskam ("Daskam") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least thirty (30) years of continuous service to Allstate at the time he retired from the company's service in 2012.

98. Plaintiff John Davenport ("Davenport") was born in 1954, converted to Exclusive Agent as part of the Program, and has at least thirty-two (32) years of continuous service to Allstate. Davenport remains in the company's service.

99. Plaintiff Leslie K. Davidson ("L. Davison") was born in 1959, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time she retired from the company's service in 2002.

100.    Plaintiff Zachariah Davidson III (Z. Davidson) was born in 1957, converted to Exclusive Agent as part of the Program, and has at least twenty-five (25) years of continuous service to Allstate.  Davidson remains in the company's service.

101.    Plaintiff Michael L. Davis ("Davis") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2007.

102.    Plaintiff Margaret Dean is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Robert T. Dean.  Robert T. Dean was born in 1943 and had at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service as a result of the Program.

103.    Plaintiff Stephen W. Dellapina ("Dellapina") was born in 1966 and had at least nine (9) years of continuous service to Allstate at the time he left the company's service as a result of the Program.

104.    Plaintiff Ernest Jack DeMonte ("DeMonte") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2007.

105.    Plaintiff James L. DePizzo ("DePizzo") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least thirty-seven (37) years of continuous service to Allstate at the time he retired from the company's service in 2010.

106.    Plaintiff John Anthony Devito ("Devito") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least seventeen (17) years of continuous service to Allstate at the time he left the company's service in 2002.

107.    Plaintiff Mark DiVincenzo ("DiVincenzo") was born in 1962, converted to Exclusive Agent as part of the Program, and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2003.

108.    Plaintiff Gail D. Dickman ("Dickman") was born in 1956, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service with Allstate at the time she retired from the company's service in 2002.

109.    Plaintiff Michael L. Doheny ("Doheny") was born in 1939 and had at least thirty-six (36) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

110.    Plaintiff Jeffery M. Dombeck ("Dombeck") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2007.

111.    Plaintiff Terrance P. Donoghue ("Donoghue") was born in 1947 and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service as a result of the Program.

112.    Plaintiff Valery Dorshimer (previously Valery Sandler) ("Dorshimer") was born in 1959 and had at least thirteen (13) years of continuous service to Allstate at the time she left the company's service as a result of the Program.

113.    Plaintiff Joyce F. Douglas ("Douglas") was born in 1957 and had at least twelve (12) years of continuous service to Allstate at the time she left the company's service as a result of the Program.

SECOND AMENDED COMPLAINT                - 50 -

114.    Plaintiff Rufus C. Dowell ("Dowell") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least thirty-two (32) years of continuous service to Allstate at the time he retired from the company's service in 2005.

115.    Plaintiff Susan P. Drapeau ("Drapeau") was born in 1944 and had at least seventeen (17) years of continuous service to Allstate as an agent at the time she left the company's service in 2000 as a result of the Program.

116.    Plaintiff Richard L. Droe ("Droe") was born in 1949 and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

117.    Plaintiff George F. Drummond ("Drummond") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least thirty (30) years of continuous service to Allstate at the time he retired from the company's service in 2007.

118.    Plaintiff Walter Dubiel ("Dubiel") was born in 1945 and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

119.    Plaintiff Thomas R. Duran ("Duran") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2010.

120.    Plaintiff Dennis R. Dyke ("Dyke") was born in 1948 and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

121.    Plaintiff Larry R. Dykstra ("Dykstra") was born in 1948 and had at least ten (10) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

122.    Plaintiff Richard Morrison Earl, Jr. ("Earl") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least twenty-eight (28) years of continuous service to Allstate at the time he retired from the company's service in 2002.

123.    Plaintiff Ronald F. Eaton ("Eaton") was born in 1946 and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

124.    Plaintiff Michael T. Economos ("Economos") was born in 1959 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

125.    Plaintiff Ronald R. Edwards ("Edwards") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2010.

126.    Plaintiff Richard F. Eirich ("Eirich") was born in 1952 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

127.    Plaintiff Roslyn K. Eisenstark ("Eisenstark") was born in 1945, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service to Allstate at the time she retired from the company's service in 2011.

128.    Plaintiff Bruce Engert ("Engert") was born in 1944 and had at least thirty-three (33) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

129.    Plaintiff Jane Eschrich-Walsh ("Eschrich-Walsh") was born in 1958, converted to Exclusive Agent as part of the Program, and had at least thirty-one (31) years of continuous service to Allstate at the time she retired from the company's service in 2014.

130.     Plaintiff William F. Estes ("Estes") was born in 1944 and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

131.     Plaintiff Steven Evans ("Evans") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least forty (40) years of continuous service to Allstate at the time he retired from the company's service in 2012.

132.     Plaintiff Sandy K. Fabricatore ("Fabricatore") was born in 1962, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time she retired in 2009.

133.     Plaintiff Joseph Falconi III ("Falconi") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least thirty-three (33) years of continuous service to Allstate at the time he retired from the company's service in 2011.

134.     Plaintiff Christian G. Farley ("Farley") was born in 1964 and had at least eleven (11) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

135.     Plaintiff Sheila Farmer ("Farmer") was born in 1956 and had at least ten (10) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

136.     Plaintiff Curtis G. Farrar ("Farrar") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least twenty-seven (27) years of continuous service to Allstate at the time he retired from the company's service in 2002.

137.     Plaintiff Ralph V. Faulk ("Faulk") was born in 1956, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2007.

SECOND AMENDED COMPLAINT            - 53 -

138.    Plaintiff Philip Dean Feisal ("Feisal") was born in 1957, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2003.

139.    Plaintiff Carl E. Fielder ("Fielder") was born in 1953 and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

140.    Plaintiff Doris Jean Fields ("Fields") was born in 1949 and had at least eighteen (18) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

141.    Plaintiff Larry D. Finley ("Finley") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service in 2008.

142.    Plaintiff William J. Flood ("Flood") was born in 1943 and had at least thirty-one (31) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

143.    Plaintiff Gerald L. Flores ("Flores") was born in 1943, converted to Exclusive Agent as part of the Program, and had at least thirty-six (36) years of continuous service to Allstate at the time he retired from the company's service in 2008.

144.    Plaintiff Eric A. Ford ("Ford") was born in 1950 and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

145.    Plaintiff John R. Forrest ("Forrest") was born in 1932 and had at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

146.    Plaintiff Allen Foster ("Foster") was born in 1945 and had at least thirty-one (31) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

147.    Plaintiff Robert G. Franz ("Franz") was born in 1960, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2002.

148.    Plaintiff Boss R. Fries III ("Fries") was born in 1955, converted to Exclusive Agent as part of the Program, and has at least thirty-five (35) years of continuous service to Allstate.  Fries remains in the company's service.

149.    Plaintiff Jodene S. Gardner ("Gardner") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service to Allstate at the time she retired from the company's service in 2009.

150.    Plaintiff Robert E. Gary ("Gary") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-four (24) years of continuous service to Allstate at the time he retired from the company's service in 2011.

151.    Plaintiff Larny O. Gentry ("Gentry") was born in 1945 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

152.    Plaintiff Samuel Gillette (formerly known as Samuel Gillott) ("Gillette") was born in 1961 and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

153.    Plaintiff Gary J. Goelz ("Goelz") was born in 1951, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2004.

154.    Plaintiff Randolph Goodwin Jr. ("Goodwin") was born in 1952 and had at least seventeen (17) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

155.    Plaintiff James A. Grady ("Grady") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least sixteen (16) years of continuous service at the time he left the company's service in 2002.

156.    Plaintiff William D. Greene ("Greene") was born in 1952 and had at least eighteen (18) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

157.    Plaintiff Sandra M. Guthrie ("Guthrie") was born in 1950 and had at least twenty-three (23) years of continuous service to Allstate as an agent at the time she retired from the company's service in 2000 as a result of the Program.

158.    Plaintiff Gerald W. Gutzeit ("Gutzeit") was born in 1958, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2007.

159.    Plaintiff Franklin P. Hall ("Hall") was born in 1943 and had at least thirty-one (31) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

160.    Plaintiff Brenda C. Hammond ("Hammond") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least thirteen (13) years of continuous service to Allstate at the time she retired from the company's service.

161.    Plaintiff Loretta Causey Hannon ("Hannon") was born in 1939 and had at least sixteen (16) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

SECOND AMENDED COMPLAINT          - 56 -

162.     Plaintiff Francis H. Hanratty ("Hanratty") was born in 1936 and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

163.     Plaintiff Jan E. Hanson ("Hanson") was born in 1954, converted to Exclusive Agent as part of the Program, and has at least twenty-four (24) years of continuous service to Allstate.  Hanson remains in the company's service.

164.     Plaintiff Christopher A. Hardesty ("Hardesty") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2001.

165.     Plaintiff Ronald C. Harrison Jr. ("Harrison") was born in 1952 and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

166.     Plaintiff John W. Heasley ("Heasley") was born in 1951 and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

167.     Plaintiff Coni Heidle ("Heidle") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least thirty (30) years of continuous service to Allstate at the time she retired from the company's service in 2011.

168.     Plaintiff Darlene J. Heinen ("Heinen") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time she retired from the company's service in 2007.

169.     Plaintiff Gerald W. Heinen ("G. Heinen") was born in 1944 and had at least thirty-one (31) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

170.    Plaintiff Robert Helsel ("Helsel") was born in 1944, converted to Exclusive Agent as part of the Program, and had over seventeen (17) years of continuous service to Allstate at the time he retire from the company's service in 2004.

171.    Plaintiff Louis J. Hemphill ("Hemphill") was born in 1953, converted to Exclusive Agent as part of the Program, and had at least thirty-one (31) years of continuous service to Allstate at the time he retired from the company's service in 2012.

172.    Plaintiff Gail Rogers Hibbler ("Hibbler") was born in 1963 and had at least thirteen (13) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

173.    Plaintiff Larry W. Hice ("Hice") was born in 1945 and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

174.    Plaintiff Danny R. Higdon ("Higdon") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least thirty-nine (39) years of continuous service to Allstate as an agent at the time he retired from the company's service in 2012.

175.    Plaintiff Patricia A. Hill ("P. Hill") was born in 1951, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time she retired from the company's service in 2009.

176.    Plaintiff Richard D. Hill ("R. Hill") was born in 1951, converted to Exclusive Agent as part of the Program, and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2005.

177.    Plaintiff James E. Hillan ("Hillan") was born in 1943 and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

SECOND AMENDED COMPLAINT          - 58 -

178.    Plaintiff Leanne Hinkle (formerly McCurley) ("Hinkle") was born in 1948 and had at least fifteen (15) years of continuous service with Allstate at the time she left the company's service in 2000 as a result of the Program.

179.    Plaintiff John Hlohinec ("Hlohinec") was born in 1955, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service to Allstate at the time he left the company's service in 2004.

180.    Plaintiff Jimmy D. Hock ("Hock") was born in 1941, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service to Allstate at the time he retired from the company's service in 2003.

181.    Plaintiff Charmain A. Horvath ("Horvath") was born in 1952 and had at least thirteen (13) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

182.    Plaintiff Daniel P. Hourihane ("Hourihane") was born in 1941, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2010.

183.    Plaintiff Steven H. Howell ("Howell") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's servie in 2005.

184.    Plaintiff George A. Huye ("Huye") was born in 1954, converted to Exclusive Agent as part of the Program, and has at least twenty-six (26) years of continuous service to Allstate.  Huye remains in the company's service.

185.    Plaintiff John A. Iapoce ("Iapoce") was born in 1940, converted to Exclusive Agent as part of the Program, and had at least thirty-six (36) years of continuous service to Allstate at the time he retired from the company's service in 2002.

186.    Plaintiff Sandra Inman (previously Sandra L. Holloway) ("Inman") was born in 1956, converted to Exclusive Agent as part of the Program, and had at least thirteen (13) years of continuous service to Allstate at the time she left the company's service in 2003.

187.    Plaintiff Charles S. Jackson ("C. Jackson") was born in 1943, converted to Exclusive Agent as part of the Program, and had at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service in 2002.

188.    Plaintiff Rick Jahns ("R. Jahns") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service in 2002.

189.    Plaintiff Robert Jayson ("Jayson") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2005.

190.    Plaintiff Leland T. Jelinek ("Jelinek") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least twenty-four (24) years of continuous service to Allstate at the time he retired from the company's service in 2012.

191.    Plaintiff Charles ("Chuck") Johnson ("C. Johnson") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least thirty (30) years of continuous service to Allstate at the time he retired from the company's service in 2011.

192.    Plaintiff Reece Thomas Johnson ("R. Johnson") was born in 1947 and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

193.    Plaintiff Larry Dan Jones ("L. Jones") was born in 1944, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service in 2002.

SECOND AMENDED COMPLAINT              - 60 -

194.    Plaintiff Ronald R. Jones ("R. Jones") was born in 1949 and had at least nineteen (19) years of service to Allstate at the time he left the company's service in 2000 as a result of the Program.

195.    Plaintiff Karen Juneman is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Roger Michael Juneman.  Roger Juneman was born in 1941, converted to Exclusive Agent as part of the Program, and had at least thirty-one (31) years of continuous service to Allstate at the time he retired from the company's service in 2002.

196.    Plaintiff David N. Kapec ("Kapec") was born in 1954 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

197.    Plaintiff Kathleen Kenney ("Kenney") was born in 1954 and had at least eighteen (18) years of continuous service with Allstate at the time she left the company's service in 2000 as a result of the Program.

198.    Plaintiff Robert J. Killeen ("Killeen") was born in 1934 and had at least thirty-six (36) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

199.    Plaintiff Robert E. Kimble ("Kimble") was born in 1958, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2010.

200.    Plaintiff Thomas E. Krohner ("Krohner") was born in 1945, converted to Exclusive Agent as part of the Program, and had at least forty-three (43) years of continuous service with Allstate at the time he retired from the company's service in 2010.

201.    Plaintiff Maria Krumm is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Gary Krumm.  Gary Krumm was born in 1943,

converted to Exclusive Agent as part of the Program, and had at least thirty-one (31) years of continuous service with Allstate at the time he retired from the company's service in 2008.

202.    Plaintiff Amos Kuykendoll ("Kuykendoll") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least thirteen (13) years of continuous service with Allstate at the time he left the company's service in 2001.

203.    Plaintiff William Landmark ("Landmark") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least twenty-seven (27) years of continuous service with Allstate at the time he retired from the company's service in 2010.

204.    Plaintiff Gregory Lane ("Lane") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service with Allstate at the time he left the company's service in 2002.

205.    Plaintiff Bruce Larrabee ("Larrabee") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least twenty-eight (28) years of continuous service with Allstate at the time he retired from the company's service in 2011.

206.    Plaintiff Jennifer Latham is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Charles Latham.  Charles Latham was born in 1944 and had at least thirty-one (31) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

207.    Plaintiff Carol LeBlanc ("LeBlanc") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-seven (27) years of continuous service to Allstate at the time she retired from the company's service in 2002.

208.    Plaintiff Joseph Lee ("Lee") was born in 1953 and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

209.    Plaintiff Sharon E. Libbra ("S. Libbra") was born in 1952 and had at least twelve (12) years of continuous service with Allstate at the time she left the company's service in 2000 as a result of the Program.

210.    Plaintiff Terry Libbra ("T. Libbra") was born in 1958, converted to Exclusive Agent as part of the Program, and had at least twenty-seven (27) years of continuous service with Allstate at the time he retired from the company's service in 2011.

211.    Plaintiff Janet Lindsay is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Ronald Lindsay.  Ronald Lindsay was born in 1939 and had at least nineteen (19) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

212.    Plaintiff James Longman ("Longman") was born in 1946 and had at least eighteen (18) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

213.    Plaintiff John Lucas ("Lucas") was born in 1937 and had at least thirty-one (31) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

214.    Plaintiff James E. Lynch ("Lynch") was born in 1938 and had at least thirty-three (33) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

215.    Plaintiff Michael Macisco ("Macisco") was born in 1945 and had at least seventeen (17) years of continuous service to Allstate at the time he left the company's service in 2000.

216.    Plaintiff John G. Malek ("Malek") was born in 1947 and had at least eleven (11) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

217.    Plaintiff Steven Mallory ("Mallory") was born in 1951 and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

218.    Plaintiff John Malloy ("Malloy") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least twenty-one (21) years of continuous service with Allstate at the time he retired from the company's service in 2006.

219.    Plaintiff Patricia Marazo was born in 1944, converted to Exclusive Agent as part of the Program, and has at least twenty-seven (27) years of continuous service to Allstate at the time she retired from the company's service in 2010.

220.    Plaintiff Nicholas Marinos ("Marinos") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2006.

221.    Plaintiff Eugene Maroney ("Maroney") was born in 1940 and had at least eighteen (18) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

222.    Plaintiff John Marsh Jr. ("Marsh") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least seventeen (17) years of continuous service with Allstate at the time he left the company's service in 2002.

223.    Plaintiff Richard Masi ("Masi") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service with Allstate at the time he retired from the company's service in 2010.

224.    Plaintiff Glen Mason ("Mason") was born in 1956, converted to Exclusive Agent as part of the Program, and had at least twenty-four (24) years of continuous service with Allstate at the time he retired from the company's service in 2011.

225.    Plaintiff Scott Mattingly ("Mattingly") was born in 1955, converted to Exclusive Agent as part of the Program, and had at least twenty-eight (28) years of continuous service with Allstate at the time he retired from the company's service in 2011.

226.    Plaintiff Thomas Matyjasik ("Matyjasik") was born in 1944, converted to Exclusive Agent as part of the Program, and had at least thirty-six (36) years of continuous service with Allstate at the time he retired from the company's service in 2009.

227.    Plaintiff Thomas McCall ("McCall") was born in 1954, converted to Exclusive Agent as part of the Program, and had at seventeen (17) years of continuous service with Allstate at the time he left the company's service in 2001.

228.    Plaintiff Rudolph McClinon, Jr. ("McClinon") was born in 1952 and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

229.    Plaintiff Casey McCoy ("McCoy") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he left the company's service in 2002.

230.    Plaintiff Sherry McDonald ("McDonald") was born in 1954, converted to Exclusive Agent as part of the Program, and has at least twenty-three (23) years of continuous service at the time she retired and/or left the company's service in 2010.

231.    Plaintiff Thomas McEvans, III ("McEvans") was born in 1937 and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

SECOND AMENDED COMPLAINT            - 65 -

232.    Plaintiff James McGuire ("McGuire") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-three (23) years of continuous service with Allstate at the time he retired from the company's service in 2003.

233.    Plaintiff John F. McKenzie ("McKenzie") was born in 1943, converted to Exclusive Agent as part of the Program, and had at least seventeen (17) years of continuous service to Allstate at the time he retired from the company's service in 2007.

234.    Plaintiff Anthony McMurray ("McMurray") was born in 1941 and had at least thirty-six (36) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

235.    Plaintiff Peter McVittie ("McVittie") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least forty-one (41) years of continuous service to Allstate at the time he retired from the company's service in 2011.

236.    Plaintiff Jerrel L. Mead ("Mead") was born in 1959 and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

237.    Plaintiff Mary Mendoza ("Mendoza") was born in 1943, converted to Exclusive Agent as part of the Program, and has at least twenty-five (25) years of continuous service. Plaintiff Mendoza remains in the service of Allstate.

238.    Plaintiff Orton W. Messenger ("Messenger") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service with Allstate at the time he left the company's service in 2006.

239.    Plaintiff Susan Messina ("Messina") was born in 1948 and had at least twenty (20) years of continuous service with Allstate at the time she retired from the company's service in 2000 as a result of the Program.

SECOND AMENDED COMPLAINT            - 66 -

240.    Plaintiff Philip Metcalfe ("Metcalfe") was born in 1942, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service with Allstate at the time he retired from the company's service in 2008.

241.    Plaintiff Ronald Metzger ("Metzger") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least thirty-two (32) years of continuous service with Allstate at the time he retired from the company's service in 2009.

242.    Plaintiff Michael Meyer ("Meyer") was born in 1950 and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

243.    Plaintiff Arthur Miles ("Miles") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2008.

244.    Plaintiff Frank Miller, Jr. ("F. Miller") was born in 1951, converted to Exclusive Agent as part of the Program, and had at least thirteen (13) years of continuous service with Allstate at the time he left the company's service in 2003.

245.    Plaintiff James Thomas Miller ("J. Miller") was born in 1946 and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

246.     Plaintiff Jean Minal ("Minal") was born in 1936 and had at least eighteen (18) years of continuous service with Allstate at the time she left the company's service in 2000 as a result of the Program.

247.    Plaintiff Frieda Minga ("Minga") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service with Allstate as an agent at the time she left the company's service in 2003.

SECOND AMENDED COMPLAINT          - 67 -

248.    Plaintiff Barbara Ann Mink is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Daniel Mink.  Daniel Mink was born in 1944 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

249.    Plaintiff Robert Minton ("R. Minton") was born in 1943 and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

250.    Plaintiff Joseph Montanaro ("Montanaro") was born in 1943, converted to Exclusive Agent as part of the Program, and had at least forty-four (44) years of continuous service with Allstate at the time he retired from the company's service in 2012.

251.    Plaintiff Richard Moore ("R. Moore") was born in 1939 and had at least twenty-seven (27) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

252.    Plaintiff Stafford Walter Moore ("S. Moore") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service with Allstate at the time he left the company's service in 2002.

253.    Plaintiff Dinah Morgan ("D. Morgan") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-seven years (27) of continuous service at the time she retired from the company's service in 2001.

254.    Plaintiff Sylvia Mosley ("Mosley") was born in 1955, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service with Allstate at the time she retired from the company's service in 2002.

255.    Plaintiff D. Craig Mullen ("Mullen") was born in 1961, converted to Exclusive Agent as part of the Program, and had at least thirteen (13) years of continuous service with Allstate at the time he left the company's service in 2001.

256.    Plaintiff Kelly Patrick Mulligan ("Mulligan") was born in 1957, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service with Allstate at the time he retired from the company's service in 2012.

257.    Plaintiff Darrell Namie ("Namie") was born in 1955, converted to Exclusive Agent as part of the Program, and had at least twenty-four (24) years of continuous service with Allstate at the time he retired from the company's service in 2011.

258.    Plaintiff Herbert Newman ("Newman") was born in 1939 and had at least twenty-one (21) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

259.    Plaintiff Chester Nowak ("Nowak") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service with Allstate at the time he retired from the company's service in 2001.

260.    Plaintiff Richard Nydegger ("Nydegger") was born in 1952 and had at least fifteen (15) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

261.    Plaintiff Thomas O'Dell ("O'Dell") was born in 1945 and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

262.    Plaintiff Walter Orr ("Orr") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least twenty-eight (28) years of continuous service with Allstate at the time he retired from the company's service in 2011.

SECOND AMENDED COMPLAINT          - 69 -

263.    Plaintiff James Overmiller ("Overmiller") was born in 1951, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service with Allstate at the time he retired from the company's service in 2011.

264.    Plaintiff Barbara Oxner (previously Barbara Jones) ("Oxner") was born in 1942 and had at least fifteen (15) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

265.    Plaintiff Martha Parry ("Parry") was born in 1937 and had at least fifteen (15) years of continuous service with Allstate at the time she retired from the company's service in 2000 as a result of the Program.

266.    Plaintiff Frank Patterson ("Patterson") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-three (23) years of continuous service with Allstate at the time he retired from the company's service in 2002.

267.    Plaintiff Terry Paulk ("Paulk") was born in 1955 and had at least eighteen (18) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

268.    Plaintiff Daniel Perry ("Perry") was born in 1957, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2007.

269.    Plaintiff Kenneth Philbrick ("Philbrick") was born in 1941, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service with Allstate at the time he retired from the company's service in 2007.

270.    Plaintiff Frank Leslie Phillips, Jr. ("Phillips") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service at the time he left the company's service in 2002.

271.    Plaintiff Stephen Pigg ("Pigg") was born in 1939 and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service as a result of the Program.

272.    Plaintiff Clifford Pinckney ("Pinckney") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least thirty-four (34) years of continuous service with Allstate at the time he retired from the company's service in 2006.

273.    Plaintiff Rita Pino ("Pino") was born in 1941 and had at least fifteen (15) years of continuous service with Allstate at the time she left the company's service in 2000 as a result of the Program.

274.    Plaintiff Ronald Pinsoneault ("Pinsoneault") was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty-seven (27) years of continuous service with Allstate at the time he retired from the company's service in 2009.

275.    Plaintiff Johnny Plemons ("Plemons") was born in 1956, converted to Exclusive Agent as part of the Program, and had at least thirty (30) years of continuous service with Allstate at the time he retired from the company's service in 2011.

276.    Plaintiff Robert Pollock ("Pollock") was born in 1944 and had at least twenty-two (22) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

277.    Plaintiff Dennis Porter ("Porter") was born in 1942, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service with Allstate at the time he retired from the company's service in 2003.

278.    Plaintiff Dennis Powers ("Powers") was born in 1953, converted to Exclusive Agent as part of the Program, and had at least twenty-one (21) years of continuous service with Allstate at the time he retired from the company's service in 2011.

279.    Plaintiff Blair Quasnitschka is suing in his capacity as personal representative for the Estate of deceased former Allstate agent Linda Kirbus (formerly Linda Quasnitschka).  Linda Kirbus was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service with Allstate at the time she retired from the company's service in 2007.

280.    Plaintiff Paul Quattrone ("Quattrone") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service with Allstate at the time he retired from the company's service in 2002.

281.    Plaintiff Marziano Ragnone ("Ragnone") was born in 1942 and had at least eighteen (18) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

282.    Plaintiff James Rauen ("Rauen") was born in 1948 and had at least twenty-four (24) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

283.    Plaintiff Donald Reimer ("Reimer") was born in 1948 and had at least seventeen (17) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

284.    Plaintiff G. Maria Resnick ("Resnick") was born in 1949 and had at least twenty-three (23) years of continuous service with Allstate at the time she retired from the company's service in 2000 as a result of the Program.

285.    Plaintiff Linda Reynolds ("Reynolds") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least twenty-six (26) years of continuous service with Allstate at the time she retired from the company's service in 2010.

286.     Plaintiff Stan Ricks ("Ricks") was born in 1951, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service with Allstate at the time he left the company's service in 2005.

287.     Plaintiff Dick Roberts ("D. Roberts") was born in 1946 and had at least twenty-five (25) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

288.     Plaintiff Thomas Roby ("Roby") was born in 1944 and had at least twenty-six (26) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

289.     Plaintiff David Louis Roman ("Roman") was born in 1955, converted to Exclusive Agent as part of the Program, and had at least thirty-three (33) years of continuous service with Allstate at the time he retired from the company's service in 2009.

290.     Plaintiff Lloyd Rosensteel ("Rosensteel") was born in 1938 and had at least twenty-eight (28) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

291.     Plaintiff Richard K. Roskowe ("Roskowe") was born in 1949 and had at least sixteen (16) years of continuous service with Allstate at the time he left the company's service in 2000 as a result of the Program.

292.     Plaintiff Richard Rossell ("Rossell") was born in 1947 and had at least twenty-one (21) years of continuous service with Allstate at the time he retired from the company's service in 2000 as a result of the Program.

293.     Plaintiff Ronald Rubin ("Rubin") was born in 1943, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service with Allstate at the time he retired from the company's service in 2001.

294.    Plaintiff Robert P. Russo ("Russo") was born in 1944 and had at least thirty-three (33) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

295.    Plaintiff Karen Ryan-White ("Ryan-White") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service to Allstate at the time she left the company's service in 2002.

296.    Plaintiff Edward Saad ("Saad") was born in 1943 and had at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

297.    Plaintiff John Sanchez ("Sanchez") was born in 1958, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2002.

298.    Plaintiff Jack M. Sanders ("J. Sanders") was born in 1941 and had at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

299.    Plaintiff Michael L. Sanders ("M. Sanders") was born in 1947 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

300.    Plaintiff Sheila L. Sanders ("S. Sanders") was born in 1956 and had at least eighteen (18) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

301.    Plaintiff Gail Santalucia-Daly ("Santalucia-Daly") was born in 1949 and had at least twenty (20) years of continuous service to Allstate at the time she retired from the company's service as a result of the Program.

SECOND AMENDED COMPLAINT           - 74 -

302.     Plaintiff Philip J. Sarcone ("Sarcone") was born in 1950, converted to Exclusive Agent as part of the Program, and has at least thirty-three (33) years of continuous service to Allstate.  Sarcone remains in the company's service.

303.     Plaintiff Richard L. Saulle ("Saulle") was born in 1942 and had at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

304.     Plaintiff Marcos E. Sayago ("Sayago") was born in 1947 and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

305.     Plaintiff Gerald Herbert Schiele ("Schiele") was born in 1946 and had at least ten (10) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

306.     Plaintiff Douglas Schiffmiller ("Schiffmiller") was born in 1959 and had at least thirteen (13) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

307.     Plaintiff Timothy L. Schwartz ("Schwartz") was born in 1952 and had at least seventeen (17) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

308.     Plaintiff David L. Seidel ("Seidel") was born in 1941 and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

309.      Plaintiff Roger Serola ("Serola") was born in 1945, converted to Exclusive Agent as part of the Program, and has at least thirty-one (31) years of continuous service to Allstate. Serola remains in the company's service.

310.    Plaintiff Leonard Leroy Shaw ("Shaw") was born in 1943, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2007.

311.    Plaintiff Robert G. Shea Jr. ("Shea") was born in 1940, converted to Exclusive Agent as part of the Program, and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2001.

312.    Plaintiff Sheldon F. Sheff ("Sheff") was born in 1950 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

313.    Plaintiff Woodrow Shelton Jr. ("Shelton") was born in 1950 and had at least twelve (12) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

314.    Plaintiff Darryl Sherman ("Sherman") was born in 1942 and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service at the end of 1999 as a result of the Program.

315.    Plaintiff Mike Shobe ("Shobe") was born in 1944, converted to Exclusive Agent as part of the Program, and had at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2001.

316.    Plaintiff Lawrence Simms ("L. Simms") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2001.

317.    Plaintiff Douglas A. Sims ("D. Sims") was born in 1951, converted to Exclusive Agent as part of the Program, and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2005.

318.    Plaintiff Eric B. Sims ("E. Sims") was born in 1962 and had at least eleven (11) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

319.    Plaintiff Chinesta Skipper Smith ("C. Smith") was born in 1954 and had at least nineteen (19) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

320.    Plaintiff Marie Smith is suing in her capacity as personal representative for the Estate of deceased former agent David William Smith ("D.W. Smith").  D.W. Smith was born in 1957, converted to Exclusive Agent as part of the Program, and had approximately thirty-two (32) years of continuous service to Allstate at the time of his death in 2014.

321.    Plaintiff Dennis Z. Smith ("D. Z. Smith") was born in 1963 and had at least thirteen (13) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

322.    Plaintiff Ronald W. Smith ("R. Smith") was born in 1946, converted to Exclusive Agent as part of the Program, and had approximately twenty-three (23) years of continuous service to Allstate when he retired from the company's service in 2006.

323.    Plaintiff Armando D. Soler ("Soler") was born in 1946 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

324.    Plaintiff Deborah Sorrell-Ulrich ("Sorrell-Ulrich") was born in 1957 and had at least eighteen (18) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

325.    Plaintiff David St. John ("D. St. John") was born in 1952, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2004.

326.    Plaintiff Sarah A. St. John (S. St. John) was born in 1954 and had at least thirteen (13) years of continuous service as an agent to Allstate at the time she left the company's in 2000 as a result of the Program.

327.    Plaintiff Robert Stedman Jr. ("Stedman") was born in 1945 and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

328.    Plaintiff Carol P. Stevens (formerly Carol Stehle) ("Stevens") was born in 1942 and had at least sixteen (16) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

329.    Plaintiff Thomas D. Stein ("Stein") was born in 1947 and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

330.    Plaintiff Michael M. Stern was born in 1947, converted to Exclusive Agent as part of the Program, and had at least forty (40) years of continuous service to Allstate at the time he retired from the company's service in 2010..

331.    Plaintiff John Stout ("Stout") was born in 1935 and had at least twenty-seven (27) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

332.    Plaintiff Donald J. Striplin ("Striplin") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least twenty-one (21) years of continuous service to Allstate at the time he retired from the company's service in 2003.

333.    Plaintiff Celeste M. Sullivan ("Sullivan") was born in 1953 and had at least fifteen (15) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

334.    Plaintiff Kurt A. Summers ("Summers") was born in 1956 and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

335.    Plaintiff Stanley J. Suwala ("Suwala") was born in 1941, converted to Exclusive Agent as part of the Program, and has at least forty (40) years of continuous service to Allstate. Suwala remains in the company's service.

336.    Plaintiff Paul Gerald Svabek ("Svabek") was born in 1952 and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

337.    Plaintiff Edward C. Swanson ("E. Swanson") was born in 1944 and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

338.    Plaintiff Marilyn Swanson ("M. Swanson") was born in 1946, converted to Exclusive Agent as part of the Program, and has at least thirty-two (32) years of continuous service to Allstate at the time she retired from the company's service in 2010.

339.    Plaintiff Michelle M. Tabler ("Tabler") was born in 1957, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time she retired from the company's service in 2005.

340.    Plaintiff Russell A. Tapie ("Tapie") was born in 1955 and had at least sixteen (16) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

341.    Plaintiff Wanda Tatum ("Tatum") was born in 1944, converted to Exclusive Agent as part of the Program, and had at least twenty-three (23) years of continuous service to Allstate at the time she retired from the company's service in 2007.

342.    Plaintiff Charles Taylor ("C. Taylor") was born in 1956 and had at least eighteen (18) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

343.    Plaintiff Wright B. Taylor ("W. Taylor") was born in 1944 and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

344.    Plaintiff Robert W. Telkins ("Telkins") was born in 1941 and had at least thirty-seven (37) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

345.    Plaintiff Stephen U. Thoennes ("Thoennes") was born in 1947 and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2000.

346.    Plaintiff Gary L. Thomas ("G. Thomas") was born in 1957 and had at least seventeen (17) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

347.    Plaintiff Montague A. "Bud" Thomas III ("M. Thomas") was born in 1945, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2010.

348.    Plaintiff Jeffrey Tobin ("Tobin") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service to Allstate at the time he left the company's service in 2008.

SECOND AMENDED COMPLAINT        - 80 -

349.    Plaintiff Joseph George Tomec ("Tomec") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

350.    Plaintiff Mary Turley is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Robert H. Turley.  Robert H. Turley was born in 1946, converted to Exclusive Agent as part of the Program, and had at least twenty-four (24) years of continuous service to Allstate at the time he retired from the company's service in 2001.

351.    Plaintiff Albert Turner ("Turner") was born in 1943 and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

352.    Plaintiff David J. Tuskey ("Tuskey') was born in 1953, converted to Exclusive Agent as part of the Program, and has at least thirty-two (32) years of continuous service to Allstate.  Tuskey remains in the company's service.

353.    Plaintiff George F. Twohig ("Twohig") was born in 1935 and had at least thirty-six (36) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

354.    Plaintiff Cornell G. Vandegrift ("Vandegrift") was born in 1947 and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

355.    Plaintiff Milford T. Vaught, Jr. ("Vaught") was born in 1953, converted to Exclusive Agent as part of the Program, and has at least twenty-nine (29) years of continuous service to Allstate.  Vaught remains in the company's service.

356.     Plaintiff Louis Veal ("Veal") was born in 1946 and had at least nineteen (19) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

357.     Plaintiff Dale A. Villemain ("Villemain") was born in 1955, converted to Exclusive Agent as part of the Program, and has at least thirty-four (34) years of continuous service to Allstate.  Villemain remains in the company's service.

358.     Plaintiff Cleta M. Vining ("Vining") was born in 1957, converted to Exclusive Agent as part of the Program, and has at least thirty-four (34) years of continuous service to Allstate.  Vining remains in the company's service.

359.     Plaintiff Joseph J. Viola Sr. ("Viola") was born in 1926 and had at least thirty-one (31) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

360.     Plaintiff Ronald A. Wanek ("Wanek") was born in 1957, converted to Exclusive Agent as part of the Program, and had at least twenty-four (24) years of continuous service to Allstate at the time he retired from the company's service in 2010.

361.     Plaintiff Brian J. Wanless ("Wanless") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2001.

362.     Plaintiff Arthur L. Washington ("Washington") was born in 1945 and had at least twenty-six (26) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

363.     Plaintiff Timothy J. Watwood ("Watwood") was born in 1949, converted to Exclusive Agent as part of the Program, and had at least twenty-nine (29) years of continuous service to Allstate at the time he retired from the company's service in 2012.

364.    Plaintiff Mark E. Wegner ("Wegner was born in 1951, converted to Exclusive Agent as part of the Program, and had at least twenty-two (22) years of continuous service to Allstate at the time he retired from the company's service in 2006.

365.    Plaintiff  Findley L. West ("West") was born in 1941 and had at least thirty-three (33) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

366.    Plaintiff Neil W. Whicker ("Whicker") was born in 1947, converted to Exclusive Agent as part of the Program, and had at least thirty-five (35) years of continuous service to Allstate at the time he retired from the company's service in 2013.

367.    Plaintiff Charles L. Williams ("C. Williams") was born in 1938 and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

368.    Plaintiff Walker Williams ("W. Williams") was born in 1943, converted to Exclusive Agent as part of the Program, and had at least twenty-seven (27) years of continuous service to Allstate at the time he retired from the company's service in 2009.

369.    Plaintiff Rodney Williams Sr. ("R. Williams") was born in 1950 and had at least twenty-two (22) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

370.    Plaintiff Barry L. Wilson Sr. ("B. Wilson") was born in 1948, converted to Exclusive Agent as part of the Program, and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2001.

371.    Plaintiff Robin Lee Wilson ("R.L. Wilson") was born in 1956, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service to Allstate at the time she retired from the company's service in 2008.

SECOND AMENDED COMPLAINT              - 83 -

372.    Plaintiff Frances C. Wisniewski ("Wisniewski") was born in 1938 and had at least seventeen (17) years of continuous service to Allstate at the time she left the company's service in 2000 as a result of the Program.

373.    Plaintiff James M. Wood ("Wood") was born in 1946 and had at least twenty-five (25) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

374.    Plaintiff Kenneth Worthington ("Worthington") was born in 1954, converted to Exclusive Agent as part of the Program, and had at least eighteen (18) years of continuous service to Allstate at the time he retired from the company's service in 2002.

375.    Plaintiff Linda Ann Woshner ("Woshner") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least twenty-five (25) years of continuous service to Allstate at the time she retired from the company's service in 2011.

376.    Plaintiff Barbara D. Wright is suing in her capacity as personal representative for the Estate of deceased former Allstate agent Kevin A. Wright.  Kevin A. Wright was born in 1955 and had at least fourteen (14) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

377.    Plaintiff Robert A. Wright Jr. ("R. Wright") was born in 1958, converted to Exclusive Agent as part of the Program, and had at least twelve (12) years of continuous service to Allstate at the time he left the company's service in 2002.

378.    Plaintiff Leonard M. Yarbrough ("Yarbrough") was born in 1944, converted to Exclusive Agent as part of the Program, and had at least twenty-three (23) years of continuous service to Allstate at the time he retired from the company's service in 2003.

SECOND AMENDED COMPLAINT          - 84 -

379.    Plaintiff Donald A. Young ("D. Young") was born in 1938, converted to Exclusive Agent as part of the Program, and had at least thirty-four (34) years of continuous service to Allstate at the time he retired from the company's service in 2014.

380.    Plaintiff James M. Zahner ("Zahner") was born in 1950, converted to Exclusive Agent as part of the Program, and had at least fifteen (15) years of continuous service to Allstate at the time he left the company's service in 2002.

381.    Plaintiff Ronald D. Zarbaugh ("Zarbaugh") was born in 1952 and had at least twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

382.    Plaintiff Rose Zumwinkle is suing in her capacity as personal representative for the Estate of her deceased husband and former Allstate agent William Zumwinkle.  William Zumwinkle was born in 1937 and had at least twenty-eight (28) years of continuous service to Allstate at the time he retired from the company's service in 2000 as a result of the Program.

383.    Plaintiff Manuel B. Zuniga Sr. ("Zuniga") was born in 1941, converted to Exclusive Agent as part of the Program, and had approximately twenty (20) years of continuous service to Allstate at the time he retired from the company's service in 2002.

384.    Plaintiff Charles Dennis Zyburo ("Zyburo") was born in 1949 and had at least eleven (11) years of continuous service to Allstate at the time he left the company's service in 2000 as a result of the Program.

## B.    DEFENDANTS

385.    Defendant THE ALLSTATE CORPORATION is a publicly-traded Delaware corporation, having its principal place of business in Northbrook, Illinois. The Allstate Corporation conducts business throughout the United States and abroad through its various

subsidiaries and affiliates. The Allstate Corporation is an "employer" and/or a "plan sponsor" within the meaning of ERISA.

386.    Defendant ALLSTATE INSURANCE COMPANY is an Illinois corporation, having its principal place of business in Northbrook, Illinois. Allstate Insurance Company conducts business throughout the United States and abroad, whether through an affiliate or subsidiary or otherwise. Allstate Insurance Company is a wholly-owned subsidiary of The Allstate Corporation. Allstate Insurance Company is an "employer" and a "plan sponsor" within the meaning of ERISA.

387.    At all times relevant hereto, Allstate Insurance Company and The Allstate Corporation constituted a "single employer" of the Plaintiffs. Among other things, the operations of Allstate Insurance Company and The Allstate Corporation are interrelated and they share common directors, officers and personnel. The Allstate Corporation was directly and integrally involved in, and exercised *de facto* control over, among other things, financing decisions, funding and personnel, including in the decisions at issue in this case. Allstate Insurance Company is identified as the sponsor of the Agents Pension Plan (the "Pension Plan"). . Additionally, the officers and directors of The Allstate Corporation were actively involved in decision-making concerning whether plaintiffs and other similarly-situated individuals would be eligible to participate in or receive retirement benefits from the Pension Plan.

388.    Defendant AGENTS PENSION PLAN ("Pension Plan") is an "employee benefit plan" and a "defined benefit plan" within the meaning of ERISA sponsored, established or maintained by Allstate Insurance Company and/or The Allstate Corporation pursuant to a written instrument. The Pension Plan which, prior to 1978, was known as the Agents Supplementary Pension Plan of Allstate Insurance Company, is a "qualified" plan under section 401(a) of the Internal Revenue Code that is covered under Title I of ERISA.

389.    Defendant ADMINISTRATIVE COMMITTEE OF THE AGENTS PENSION PLAN ("Administrator"), which is being sued in its capacity as the Administrator of the Pension Plan, exercises discretionary authority or control over the management of the Pension Plan and has discretionary authority or responsibility in the administration of the Pension Plan.   The Administrator is also a named administrator and fiduciary of the Pension Plan for administrative purposes under ERISA Section 402(a)(2).  The Pension Plan's governing documents provide that the Administrator shall administer the Pension Plan and shall have the power to construe and interpret the Plan's terms.

## FACTUAL ALLEGATIONS

390.    Prior to Before 1990, Allstate sold its insurance products mainly through a workforce comprised of thousands of "captive" insurance sales agents, all or nearly all of whom were hired as "employee" agents under an R830 or R1500 contract.  As employees, these agents were entitled to a "superior" package of employee benefits that Allstate touted as the best the industry had to offer.  These benefits included, among others, retirement benefits (at no cost to the agent) through the Pension Plan.

391.    Participation in the Pension Plan was mandatory and automatic on the part of all full-time employee agents.  Thus, upon vesting, any employee agent who retired from the service of Allstate on or after age 63 was entitled to receive a "normal" retirement benefit based on the annual eligible compensation earned by the agent.  An agent who separated from service with at least twenty (20) years of "Credited Service" was entitled to commence retirement benefits as early as age 55.  The Pension Plan expressly provided that "[a]ll service" with Allstate "shall count as Credited Service."

392.    One of the most attractive features of the Pension Plan, however, was the "early retirement" benefit and subsidy available to agents who retire in accordance with Allstate's early

retirement policy[1] before age 63 with at least twenty (20) years of "continuous service" with the company.  In addition to being able to commence retirement benefits as early as age 55, these agents were entitled to a financial incentive in the form of a "beefed-up" early retirement benefit. By virtue of a "special increase in compensation," the early retirement benefit was increased by including the amount of compensation that the agent would have earned (based on the amount earned in the calendar year preceding retirement) if he or she had worked until age 63.  Thus, for instance, if an agent with twenty (20) years of continuous service retired at age 55, he or she would be eligible for a "beefed-up" early retirement benefit which assumed that he or she continued to work for the next eight years – even though the agent had, in fact, retired and thus would have no earnings from Allstate during those future years.

393.    By 1990, one of the largest line-item expenses on Allstate's balance sheet was the expense of Allstate's "superior" package of employee benefits, which accounted for as much as 25 percent or more of a typical agent's compensation package.

394.    In an effort to phase out these benefits-related expenses and, thereby, improve its "bottom-line," Allstate introduced a new agent program called the Neighborhood Exclusive Agency ("Exclusive Agent") program in October 1990.  The term "exclusive" is synonymous with "captive" in that the R3001 contract bars Exclusive Agents from soliciting, selling or servicing insurance of any kind for any other company, agent or broker, or referring a prospect to another company, agent or broker, without the prior written approval of Allstate.

395.    Under this Exclusive Agent program, which followed on the heels of the Neighborhood Office Agent ("NOA") "cost sharing" employee agent program introduced just

---

[1]        Allstate's one-sentence "voluntary early retirement policy" provided as follows:

An employee who has 20 or more years of continuous service may request early retirement at any time after reaching age 55.

SECOND AMENDED COMPLAINT            - 88 -

six years earlier, Allstate sought to transfer yet more expenses onto its "captive" agent sales force. These efforts included, among other things, engaging virtually all of its new "captive" agents under the R3001 contract which denominated them as "independent contractors" while, at the same time pressuring its then existing employee agents to "convert" to the R3001 contract by hyping its supposed advantages.

396.    In November 1991 – approximately a year after Allstate introduced the Exclusive Agent program – it sought to amend the Pension Plan by, among other things, changing the definition of the term "Agent," which prior to that time had been defined as "any employee who either is classified as an Agent under the Company's personnel policy or whose principal compensation is paid in the form of commissions pursuant to an agreement with Allstate." As a result of the November 1991 amendments, Allstate deleted the reference to any "employee . . . whose principal compensation is paid in form of commissions pursuant to an agreement with his Employer," and limited the term "Agent" only to an "employee who is classified as an Agent under the Company's human resources policy." In denominating agents working under the R3001 contract as "independent contractors" and in drastically narrowing the number of "Agents" who would be covered by the Pension Plan, Allstate sought to minimize its obligation to make further contributions to the Plan.

397.    At the same time that it was using the Exclusive Agent program as a means to reduce expenses associated with the Pension Plan benefits, Allstate also cut back those benefits by phasing out the "beef-up" benefit. Allstate purported to amend the Pension Plan in November 1991 by, among other things, adding a "sunset" provision reducing "beefed-up" benefits for participants who satisfied the eligibility requirements for early retirement after 1991, and eliminating it entirely for those who satisfied the requirements on or after 1999. Specifically, the Pension Plan purportedly was amended so that the early retirement benefit of an agent entitled to

the "beef-up" was calculated as if the agent continued in employment only until the earliest of age 63 or December 31, 1999 (the "Beef-Up Amendment").  The following chart illustrates the manner in which the "beef-up" was to be phased out:

| Year of Retirement (assuming retirement at year end) | Maximum Number Years of "Beef Up" |
|---|---|
| 1991 | Up to 8 years |
| 1992 | Up to 7 years |
| 1993 | Up to 6 years |
| 1994 | Up to 5 years |
| 1995 | Up to 4 years |
| 1996 | Up to 3 years |
| 1997 | Up to 2 years |
| 1998 | 1 year |
| 1999 and later | None |

398.    Thus, for instance, as a result of the Beef-Up Amendment –

- an eligible "Agent" who retired from the company's service at age 55 in 1996 with 20 or more years of continuous service would be credited with only three (3)--instead of eight (8)—years of "beef up";

- an eligible "Agent" who retired from the company's service at age 55 just two years later in 1998 with 20 or more years of continuous service would be credited with only one year—instead of eight (8) years--of "beef up"; and

- any eligible "Agent" who retired from the company's service at age 55 after December 31, 1999, with 20 or more years of continuous service would not be eligible for any "beef up".

399.    The form of notice Allstate provided to participants about the November 1991 amendments to the Pension Plan falsely stated that they were authorized by federal law.  In fact, although the Tax Reform Act of 1986 (and the regulations promulgated thereunder) permitted Allstate to adopt certain amendments to the Pension Plan, it did not authorize the company to phase-out and eliminate the "beef-up" for eligible "Agents" electing to take early retirement on or after January 1, 1992.

400.    Recognizing that a so-called Exclusive Agent independent contractor provides services to Allstate, since the time Allstate introduced the Exclusive Agent program and began

encouraging employee agents to convert, the Administrator treated employee agents' conversion to Exclusive Agent as not resulting in the agent "retiring" from the company's service for Pension Plan purposes.  In particular, the Administrator interpreted the otherwise undefined terms "retire" and "retirement" in the Pension Plan as requiring both a termination of employment and a separation from service.  The Administrator formally adopted an administrative rule to this effect in 1992.  Consistent with that interpretation, under the terms of the Pension Plan, a participant who converted to Exclusive Agent continued earning "service" credit because he was not deemed to be "retiring" from the service of Allstate at the time of conversion.

401.    In a subsequent plan amendment, however, Allstate purported to alter the Pension Plan's definition of the term "Credited Service"—which had included all of an "Agent's service" to Allstate—to provide that only "an Agent's <u>employment</u> . . . <u>as an employee</u> shall count as Credited Service" (the "Service Amendment").  (Emphasis added).

402.    In a series of amendments that followed, all of which purported to be effective as of December 1994 (the "December 1994 Amendments") – that is, three years after Allstate first attempted to adopt the November 1991 amendments – the company attempted once again to amend the Pension Plan, including the provisions pertaining to early retirement.  In so doing, the Pension Committee not only "readopted" the November 1991 amendments wholesale, but it also purported to do so retroactively to January 1, 1989, adding several new amendments that were intended to make it even more difficult for participants to earn additional retirement benefits, including attaining eligibility for early retirement.

403.    One of these amendments took the form of a new "Appendix A" stating that under Allstate's so-called "early retirement policy," any "request of an employee for Voluntary Early Retirement will be denied if," upon termination of the agent's employment contract, he or she

enters into an agreement to perform duties or services that are "substantially similar" to those performed as an employee.

404.    The manifest purpose of these various amendments was to retroactively deny credit to employee agents who had converted to the R3001 contract for the service they had provided to the company under that contract and thereby prevent these agents from earning additional retirement benefits, including attaining eligibility for early retirement benefits.  As set forth above, prior to adopting these amendments, Allstate was obligated to count "all service" with the company – whether as an employee agent under an R830 or R1500 contract or as an "Exclusive Agent" under an R3001 contract – as credited service for purposes of accruing retirement benefits and attaining eligibility for early retirement.

405.    In a case brought by a former employee agent alleging, among other things, that Allstate had wrongfully denied "beefed-up" early retirement benefits by not treating their conversion to Exclusive Agent status under the R3001 contract as a retirement from Allstate, Allstate and the Administrator had taken the position (prior to the December 1994 amendments) that the agent remained "in the service" of Allstate and, hence, conversion to so-called "independent contractor" status under the R3001 contract did not constitute a "retirement" within the meaning of the Pension Plan.   As the United States District Court for the Middle District of Florida explained in upholding this interpretation:

> Allstate consistently has defined "retirement" for purposes of applying the Company's voluntary Early Retirement Policy to mean not only that the agent ceases to be an employee, but that he or she also ceases providing any kind of compensated service to Allstate.  It was this interpretation that led Allstate . . . to take the position that ["employee agents"] who elected to become [exclusive agents] had not "retired" and were not eligible for early retirement benefits under the Plan, i.e., that they were still "in the service" of Allstate.

*Scott v. Administrative Committee of the Allstate Agents Pension Plan*, 1995 U.S. Dist. LEXIS 20564 at *27 (M.D. Fla. Sept. 15, 1995) (emphasis added), *rev'd on other grounds*, 113 F.3d 1193 (11th Cir. 1997).

406.     The Administrator's interpretation and district court's decision in *Scott* are consistent with an Allstate publication entitled "Benefits Bottom Line," wherein the company announced – under the caption "*Exclusive Agents:  Defining Retirement*" – its justification for refusing to pay early retirement benefits to employee agents who converted to Exclusive Agent status and continued working for Allstate under the R3001 contract:

> Conversion to Exclusive Agent status does not result in an Agent leaving the service of Allstate.  On the contrary, the Agent is continuing to provide the same service to Allstate, and receiving income from the sale of Allstate Products.  An Agent's career with Allstate has not terminated merely by converting to the new program, although the legal relationship between the parties has changed.

Similarly, in a 1990 letter, Donald E. Viken, acting as the Administrator of the Pension Plan, advised an employee agent as follows:

> Plan benefit payments are not available until an agent's active working career and income from selling Allstate products has ceased, and thus is no longer in the service of Allstate. . . . An agent's active Allstate working career is not terminated by NEA status; it continues, although the legal relationship changes.

407.     Logically, if employee agents who converted to so-called "independent contractor" status under the Exclusive Agent program remained "in the service" of Allstate and if, as the Pension Plan required, all "service" was to be counted, those agents could continue to accumulate service toward eligibility for early retirement benefits after the time of conversion. Accordingly, Allstate understood that it would not be able to achieve the cost savings that it had envisioned unless it further amended the Pension Plan for the purpose of ensuring no agent working under the R3001 contract would be eligible for additional retirement benefits, including early retirement.

408.    Apparently recognizing that agents who converted to the R3001 contract were still common law employees and not true independent contractors, Allstate amended the Pension Plan yet again in an effort to deny eligibility for benefits under that plan.  In particular, Allstate added a new provision to the Pension Plan in 1996 (the "Employee Definition Amendment") that made "Employee" a defined term and excluded from that term any person who provides services to Allstate under an R3001 contract.

409.    While Allstate and the Administrator have failed to treat agents who have converted to the R3001 contract as being "in the service" of the company under the Pension Plan at all times since at least December 1994, those amendments initially affected only the small number of employee agents who had "converted" to the Exclusive Agent program.

410.    Indeed, despite Allstate's repeated efforts to persuade employee agents to terminate their employment contracts and enter into the R3001 contract, however, only about 150 out of its 15,000 employee agents did so during the first three years that the Exclusive Agent program was in effect – that is, between 1990 and 1993.  During the next six years, the number of Exclusive Agents grew to upwards of 7,000 as Allstate continued to hire new agents under the R3001 contract and took additional measures to pressure its employee agent workforce to either convert or leave the service of the company.

411.    Allstate embarked on a nationwide effort designed to pressure, intimidate and coerce its remaining employee agents to relinquish the protections, rights and employee benefits to which they were entitled under the R830 or R1500 employment contract by converting to the R3001 contract and becoming a so-called "independent contractor."  Allstate did so by, among other things, forcing employee agents to accept reduced commissions and thereby forego retirement and other benefits generated thereby; refusing to provide employee agents with updated computer technology that most Exclusive Agents received; threatening to relocate

employee agents to an unsuitable or more distant site such as a warehouse or high-rise building without any signage; threatening to allow an Exclusive Agent to open a nearby office that would be in competition with an employee agent; imposing harassing and burdensome requirements upon employee agents, including requirements that their offices remain open on evenings and weekend; and making false and misleading statements about the financial benefits of the Exclusive Agent program.

412.    Between April 1, 1998 and May 31, 1999, Allstate succeeded in getting 1,460 employee agents to convert to the Exclusive Agency program, with another 295 employee agents electing to leave the service of Allstate by retiring or quitting.  Significantly, in the case of agents who had, for instance, satisfied the eligibility for early retirement and elected to separate from Allstate in 1998, the Beef-Up Amendment restricted them to credit for only one year of "beefed-up" service.

413.    Despite Allstate's tactics, as of November 1999, about 6,200 employee agents (including Plaintiffs) still had refused to "voluntarily" convert to Exclusive Agent status.

414.    Having failed in its decade-long effort to induce its employee agents to surrender their benefits and protections by converting voluntarily to so-called "Exclusive Agent independent contractor" status, Allstate and Edward M. Liddy, its then-President, Chief Executive Officer and Chairman, announced in November 1999 that the company was instituting the "Preparing for the Future" Program, under which the R830 or R1500 employment contracts of most of its remaining employee agents—including all Plaintiffs—would be terminated no later than June 30, 2000 (the "Program").[2]  The Program coincided with the fact that, as a result of the November 1991 amendments readopted in December 1994, employee agents who took early

---

[2]    The Program is the subject of *Romero I,* a related case, and is more fully described in the Third Amended Complaint filed in that action.

retirement after January 1, 1999, were no longer eligible for additional credited service in the form of "beefed up" early retirement benefits under the Pension Plan.

415.    Through the Program, Allstate forced Plaintiffs to either convert to Exclusive Agents in order to retain their agencies or leaving the company's service entirely.  As a result of the Program, the majority of the Plaintiffs converted to Exclusive Agents and continued in Allstate's service after June 2000, even though they were told they would no longer be eligible for Allstate's employee benefits.  The remainder of the Plaintiffs left the service of Allstate as part of the Program.

416.    At no time did Allstate ever inform Plaintiffs or the other employee agents that any service they provided to Allstate as an Exclusive Agent "counted" for purposes of determining eligibility for early retirement benefits under the Pension Plan.  Indeed, to the contrary, Allstate advised the agents that such service would not count and, true to its word (but in violation of law), Allstate has refused to count such service for employee agents who converted and remained in Allstate's service as Exclusive Agents, including many Plaintiffs. As part of the Program, as well as during the preceding decade, Allstate represented to employee agents that the Exclusive Agent program was better and in their interest because it would afford them "entrepreneurial freedom."

417.    Allstate knew better.  Among other things, under the R3001 contract, Allstate retained the right to restrict "entrepreneurial freedom" in the same manner as it had prior to the Program and to control nearly every aspect of the manner and means through which agents solicit, market and sell insurance products and other services on Allstate's behalf.

418.    Since the Program, Allstate has, in fact, continued to exercise at least as much control over agents who converted to so-called "independent contractor" status under the R3001

contract as it did when those agents enjoyed employee status under their R830 and R1500 contracts by, among other things:

- requiring Exclusive Agents to obtain Allstate's approval before engaging in any other form of business activity;

- prohibiting Exclusive Agents from selling insurance on behalf of Allstate's competitors;

- dictating the minimum number and most of the specific hours that an Exclusive Agent's office must remain open;

- imposing a dress code on Exclusive Agents and their staff;

- requiring Exclusive Agents to obtain Allstate's approval before hiring support staff employees;

- requiring Exclusive Agents to attend company meetings;

- compelling Exclusive Agents to replace their own telephone and computer systems with new systems leased from Allstate and linked to its centralized system, thereby enabling Allstate to monitor the details of their performance;

- prohibiting Exclusive Agents from using any software on those computer systems other than that supplied by Allstate or from communicating with clients and potential clients on web sites not approved by Allstate;

- requiring Exclusive Agents to forward incoming calls to Allstate customer service centers, thereby enabling Allstate to confiscate their business;

- ordering Exclusive Agents to solicit new client "leads";

- refusing to allow Exclusive Agents to use the word "Allstate" on agency "web pages" without the company's approval;

- mandating that any display advertisement Exclusive Agents wish to place in the Yellow Pages conform with Allstate's specifications, including the omission of any reference to Allstate; and

- imposing unobtainable production quotas upon Exclusive Agents and terminating their contracts and agency relationships if those quotas are not reached.

419. Thus, even though the R3001 contract states that agents "will have full control of [their] time and the right to exercise independent judgment as to the time, place, and manner of

SECOND AMENDED COMPLAINT        - 97 -

performing [their] duties," Allstate has compelled converted agents, under threat of termination, to comport with myriad requirements pertaining to the day-to-day operation of their agencies. The promise of greater "entrepreneurial freedom" was therefore false.

## CLAIMS

### COUNT I

**CUTBACK OF "BEEFED-UP" EARLY RETIREMENT BENEFITS
IN VIOLATION OF 29 U.S.C. § 1054(g)(2)
(On Behalf Of ERISA § 204(g)(2) Plaintiffs)**

420.    The ERISA § 204(g)(2) Plaintiffs restate and reallege the allegations contained in paragraphs 1 to 419 of this Complaint as though set forth here in full.

421.    Under the Pension Plan (prior to the unlawful and invalid November 1991 amendments), any employee agent who completes twenty (20) years of continuous "service" with Allstate is entitled to receive "beefed-up" early retirement benefits upon reaching age 55.

422.    In purporting to adopt the November 1991 amendments, and in "readopting" such amendments in December 1994 (retroactively to November 1991), Allstate purported to phase out and ultimately eliminate these "beefed-up" early retirement benefits by December 31, 1999.

423.    By amending the Pension Plan to phase out and eliminate "beefed-up" early retirement benefits for agents who have met (after the Beef-Up Amendment) or may in the future meet the pre-amendment eligibility requirements for early retirement, Allstate caused the Pension Plan to violate the "anti-cutback" rule embodied in 29 U.S.C. § 1054(g)(2).

### COUNT II

**CUTBACK OF EARLY RETIREMENT BENEFITS
IN VIOLATION OF 29 U.S.C. § 1054(g)
(On Behalf Of The ERISA Converted Agent Plaintiffs)**

424.    The ERISA Converted Agent Plaintiffs restate and reallege the allegations contained in paragraphs 1 to 423 of this Complaint as though set forth here in full.

425.    Each of the ERISA Converted Agent Plaintiffs provided compensated service to Allstate as an "employee agent" under an R830 or R1500 contract prior to July 1, 2000.

426.    Upon the termination of their employment contracts as part of the Program, each of the ERISA Converted Agent Plaintiffs continued to provide compensated service to Allstate as an "exclusive agent independent contractor" pursuant to an R3001 contract.

427.    Under the Pension Plan, any employee agent who completes twenty (20) years of "service" with Allstate and who attains the age of 55 is entitled to receive early retirement benefits in the event he or she retires before reaching normal retirement age.

428.    Under Allstate's own interpretation of the Pension Plan (as well as its interpretation of the November 1991 amendments to that plan), and under section 402(e) of the Internal Revenue Code, any converted agent of Allstate who provides any kind of compensated service to Allstate following the termination of his or her employment contract with Allstate remains "in the service of Allstate" for purposes of determining eligibility for early retirement benefits.

429.    The express terms of the Pension Plan (prior to the unlawful and invalid amendments discussed in above (the "Amendments")) state that "[a]ll service" with Allstate "shall count as Credited Service."  Accordingly, under the Pension Plan, any employee agent of Allstate who converted to Exclusive Agent, and thus continues to provide compensated "service" to the company under a contract creating an "exclusive agent independent contractor" relationship, continues to accumulate "service" under the Pension Plan for purposes of determining eligibility for early retirement benefits.

430.    Under the Amendments to the Pension Plan, Allstate purported to alter the eligibility requirements for obtaining early retirement benefits by only counting "service" that agents performed in their capacity as Allstate-classified "employees" toward the fulfillment of

those requirements and excluding any "service" they provided to the company as a so-called "exclusive agent independent contractor."

431.    In imposing requirements that made it more difficult for participants to meet the eligibility requirements for obtaining early retirement benefits under the Pension Plan, the Amendments violated the "anti-cutback" rule embodied in 29 U.S.C. § 1054(g)(2).

432.    Alternatively, even if "service" provided to Allstate as an "exclusive agent independent contractor" never counted as "service" for purposes of determining eligibility for early retirement benefits under the Pension Plan, the ERISA Converted Agent Plaintiffs are not truly "independent contractors."  Since those plaintiffs began providing service to Allstate under the R3001 contract, Allstate has retained the right to control the manner and means through which they perform their jobs as "captive" agents.  Moreover, since the time they converted to the R3001 contract, Allstate has actually exercised at least as much control over the ERISA Converted Agent Plaintiffs as it did prior to the purported termination of their employment status and R830 or R1500 contracts.  Accordingly, at all pertinent times, all of the ERISA Converted Agent Plaintiffs have been "employees" of Allstate within the meaning of 29 U.S.C. § 1002(6).

433.    By amending the Pension Plan to no longer count all "service" which the ERISA Converted Agent Plaintiffs provide, for purposes of determining eligibility for early retirement, Allstate has caused the Pension Plan to violate the "anti-cutback" rule embodied in section 204(g) of ERISA.

## COUNT III
## BREACH OF FIDUCIARY DUTY IN VIOLATION OF 29 U.S.C. § 1104(a)
### (On Behalf Of The ERISA Retired Agent Plaintiffs)

434.    The ERISA Retired Agent Plaintiffs restate and reallege the allegations contained in paragraphs 1 to 433 of this Complaint as though set forth here in full.

435.    At all pertinent times, the Administrator had the authority to determine all questions arising under the provisions of the Pension Plan, including the authority to determine the rights and eligibility of the participants and any other persons, and to remedy ambiguities, inconsistencies or omissions.   The Administrator had discretionary authority to interpret the terms of the Pension Plan and to determine eligibility for and entitlement to benefits in accordance with the terms of the Pension Plan.

436.    At all pertinent times, the Administrator was a "fiduciary" of the Pension Plan within the meaning of 29 U.S.C. § 1002(21) because it exercised discretionary authority or control over the management of the Pension Plan and/or had discretionary authority or control in the administration of the Pension Plan.

437.    At all pertinent times, Allstate was a "fiduciary" of the Pension Plan within the meaning of 29 U.S.C. § 1002(21) because it appoints and/or exercises supervision or control over the Administrator.

438.    In their respective capacities as fiduciaries of the Pension Plan, Allstate and the Administrator were obligated not to misinform plan participants concerning the availability of benefits under the Pension Plan, whether through material misrepresentations, failure to correct misrepresentations which they knew or should have known were false and materially misleading, or through incomplete, inconsistent and contradictory disclosures.

439.    At the time it announced and implemented its nationwide Program in November 1999, Allstate informed Plaintiffs and other employee agents that it would be terminating their R830 and R1500 contracts, and that it would also terminate its agency relationship with them entirely unless they entered into an R3001 contract.

440.    At the time Allstate offered Plaintiffs the "choice" of continuing to provide compensated "service" to Allstate under an R3001 contract or of having their employment and

agency relationships terminated, and with the intention of influencing that choice, Allstate and/or the Administrator represented to those ERISA Retired Agent Plaintiffs that they would be "independent contractors" under the arrangement created by the R3001 contract and would not be able to accumulate additional "service" for purposes of: (a) determining eligibility for early retirement benefits and "beefed-up" early retirement benefits under the Pension Plan; and (b) eligibility to receive any pension benefits to which they were not already entitled as of the date their employment contract was terminated.

441.    The representation by Allstate and/or the Administrator that former "employee agents" of Allstate who continued to provide compensated "service" to Allstate under the R3001 contract would no longer be eligible to accumulate "service" for purposes of eligibility for early retirement benefits and "beefed-up" early retirement benefits under the Pension Plan was materially false and misleading. Under the Pension Plan (prior to the unlawful and invalid December 1994 amendments), all "service" provided to Allstate under the R3001 contract, including service as a so-called "exclusive agent independent contractor," constitutes "service" for purposes of determining eligibility for early retirement benefits. Alternatively, even if only service as an "employee" counts as "service" under the Pension Plan, the ERISA Converted Agent Plaintiffs are and were "employees" of Allstate within the meaning of 29 U.S.C. § 1002(6) and, under the Pension Plan (exclusive of the unlawful and invalid Amendments), service provided to Allstate by an "employee" within the meaning 29 U.S.C. § 1002(6) constitutes "service" for purposes of determining eligibility for early retirement benefits and accruing additional pension benefits.

442.    At the time Allstate and/or the Administrator represented that former "employee agents" who continued to serve Allstate under the R3001 contract would no longer be able to accumulate service toward eligibility for early retirement benefits or accrue additional benefits

under the Pension Plan, Allstate and/or the Administrator knew or should have known of the falsity of that representation.

443.    In the alternative, the Administrator was aware of Allstate's representation that employee agents who converted and continued to provide compensated service to Allstate under the R3001 contract would no longer be able to accumulate additional "service" for purposes of eligibility for early retirement benefits or otherwise accrue additional benefits under the Pension Plan, and knew or should have known of the falsity of that representation.

444.    Though the Administrator had a duty to correct the aforementioned misrepresentation, the Administrator failed to do so and, instead, took actions that were consistent with Allstate's representation that the agents were no longer able to accumulate additional "service" for purposes of eligibility for early retirement benefits under the Pension Plan or otherwise to accrue additional pension benefits.

445.    In foreseeable reliance upon the aforementioned affirmative misrepresentation by Allstate and/or the Administrator and upon the aforementioned misrepresentation by conduct and omission of the Administrator, the ERISA Retired Agent Plaintiff retired from the service of Allstate.  Had the ERISA Retired Agent Plaintiff known that any service they provided to Allstate would count for purposes of determining eligibility for early retirement benefits, they would not have ceased providing service to Allstate.

446.    In making material misrepresentations relating to the availability of benefits under the Pension Plan and inducing the ERISA Retired Agent Plaintiff to rely on those misrepresentations, Allstate and the Administrator have violated their respective fiduciary obligations under 29 U.S.C. § 1104(a).

447.    As a result of the unlawful conduct of Allstate and the Administrator as set forth in this Count, the ERISA Retired Agent Plaintiff have suffered losses, including but not limited to, termination of their employment status, loss of income and loss of benefits.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectively pray:

A.    That the practices of Allstate and the Administrator complained of herein be determined and adjudged to be in violation of the rights of Plaintiffs under ERISA, pursuant to 29 U.S.C. § 1132(a)(3);

B.    That the Court issue a permanent injunction under ERISA, pursuant to 29 U.S.C. § 1132(a)(3) and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, compelling Allstate and the Administrator to:

(1)    count any periods of service that converted and retired agents have provided to Allstate under the R3001 contract as "service" for purposes of determining their eligibility for early retirement benefits; and

(2)    repeal or set aside the November 1991 and December 1994 plan amendments relating to early retirement and the "beef-up" retroactively to the dates those amendments were adopted, as a remedy for the statutory violations described in COUNTS I and II;

C.    That the Court enter judgment in favor of Plaintiffs against:

(1)    the Pension Plan and the Administrator pursuant to 29 U.S.C. § 1132(a)(3) for "make whole" or other equitable relief; and

(2)    Allstate pursuant to 29 U.S.C. § 1132(a)(3) for "make whole" or other equitable relief, as a remedy for the violations of fiduciary obligations described in COUNT III.

SECOND AMENDED COMPLAINT          - 104 -

D.    That the Court enter judgment in favor of Plaintiffs against the Pension Plan

pursuant to 29 U.S.C. § 1132(a)(1)(B) after the Court has provided the relief set

forth in paragraph B above.

E.    That Plaintiffs be awarded such other and further relief as may be found just and

appropriate;

F.    That Plaintiffs be granted their attorneys' fees, experts' fees and the costs and

expenses of this litigation, pursuant to applicable law; and

G.    That the Court retain jurisdiction over Allstate, the Pension Plan and the

Administrator until such time as it is satisfied that the practices complained of are

remedied and are determined to be in full compliance with the law.

Respectfully submitted,

Michael D. Lieder (*admitted pro hac*)
1250 Connecticut Ave, N.W.
Suite 300
Washington D.C.  20005
Telephone:  (202) 446-1909
Facsimile:  (202) 822-4997

/s/ Coleen M. Meehan
Coleen M. Meehan (ID No. 39765)
William P. Quinn, Jr. (I.D. No. 39083)
David W. Marston, Jr. (I.D. No. 84399)
Brian M. Ercole (ID No. 91591)
Marisel Acosta (ID No. 89696)
Jacqueline C. Gorbey (ID No. 312041)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Telephone: (215) 963-5000
Facsimile:  (215) 963-5001

Paul Anton Zevnik (ID No. 140986)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Telephone:  (202) 739-3000
Facsimile:  (202) 739-3001

*Counsel for Plaintiffs*

Mary Ellen Signorille (admitted *pro hac vice*)
AARP Foundation Litigation
601 E Street, N.W.
Washington, D.C.  20049
Telephone:  (202) 434-2060
Facsimile:  (202) 824-0955

SECOND AMENDED COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 16, 2016, a true and correct copy of Plaintiffs' Second

Amended Complaint was served via electronic email on all counsel of record


Date: March 16, 2016                          <u>/s/ Coleen M. Meehan</u>
                                             Coleen M. Meehan